## FULLER *v.* HUTCHINGS AND SWEETZER.

A check given for a gaming debt is void in the hands of all persons except a *bona fide* holder, without notice.

A party taking a check after its presentation for payment to the bankers upon whom it is drawn, and its dishonor, takes it subject to all the defences to which it was subject in the hands of the original holder.

Where the illegal consideration of a check is admitted, it is incumbent on the holder, even if he took it before dishonor, to show that he took it without notice, and for value.

With a check, the presumption is that it is given upon a valid consideration, but this presumption being rebutted, the necessity is thrown upon the holder of proving that he received it in good faith, without notice of the illegality of the consideration.

Surprise at the ruling of the Court, on the trial, as to the admission of testimony, is not ground for a new trial.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

This is an action upon a check of the defendants, composing the firm of Sweetzer, Hutchings & Co., for $2500, dated on the 22d of September, 1857, and drawn upon Tallant & Wilde, bankers, at San Francisco, and payable to S. L. James, or bearer. It was admitted, on the trial, that the check was given by the defendant Hutchings, for losses at a public banking-game called "faro," to one Wm. D. Chapman, and that there was no other consideration for it; that Chapman, on the same day, presented it for payment, which was refused. There was no evidence of the time it was transferred to the plaintiff, except what may be inferred from the presentation by Chapman, or that the plaintiff had any knowledge of its consideration.

On the trial, the defendant read the following stipulation in the case :

"For the purposes of this action, we hereby admit that the defendants can prove that the check was given to Wm. D. Chapman for money lost in playing cards at a banking-game called 'faro,' and that no other consideration was paid or passed between the drawer and said Chapman.

"In making said admission, the plaintiff is in no manner to be

considered as admitting that the plaintiff had anything to do with the original contract with Chapman, or the defendants, but, on the contrary, expressly denies all knowledge of the same, and alleges that he is an innocent holder, without notice. But the defendants are not to be considered, and do not admit that the plaintiff had no notice of the real consideration, or that the plaintiff is a *bona fide* holder for valuable consideration.

"G. F. & W. H. SHARP, Plaintiff's Attorneys."

The defendants also read in evidence the following notice in the case, served by them on the plaintiff's attorneys:

"Please take notice, that the defendants will insist upon the plaintiff's making proof of the manner in which he received the check in question, and the consideration, if any, that he paid for the same, or inform the defendants so they can make the same— [proof.] Yours, etc., COOK & FENNER, Attorneys for S. & H. "Dated November 2, 1857."

"We admit service of a copy of the within notice, November 2, 1857.    G. F. & W. H. SHARP."

After judgment was rendered for the defendants, the plaintiff moved for a new trial on his own affidavit and the affidavit of one of his attorneys. In his own affidavit he stated that he was an innocent purchaser, and the manner by which he came into the possession of the check, but did not give any excuse for omitting to make proof of the facts on the trial. The attorney, in his affidavit, stated that he supposed that the facts contained in the stipulation would not be admitted in evidence unless followed up by proof that the plaintiff took said check with notice; and that he was taken by surprise when the attorney of the defendants read on the trial authority for the notice of November 2, 1857.

The motion for a new trial was denied, and the plaintiff appealed from the order denying the motion, and also from the judgment.

*G. F. and W. H. Sharp* for Appellant.

I. By the third section of the Act of 1855, "An Act to suppress Gaming," a check is only void as between the parties; the statute expressly excepting such as hold or claim without notice of the illegality of the consideration.

Whenever the statute declares notes void, they are and must be so in the hands of every holder. But when they are adjudged by the Court to be so for a failure or the illegality of the consideration, they are void only in the hands of the original parties, or those who are chargeable with or have had notice of the consideration. Haight *v.* Joyce, 2 Cal.; Bryant *v.* Mead, 1 Cal., 441;

Thorne *v.* Yountz, 4 Cal., 321; Chitty on Bills, 104–5, and cases there cited.

In Palmer *v.* Goodwin, 5 Cal., 458, the Court says that the holder of negotiable paper is supposed to be the *bona fide* owner of the same, and all intendments are in favor of his right. The presumption of law is in favor of the plaintiff, he being the holder, to rebut which it is necessary to show, by competent testimony, that he is not the *bona fide* owner. It is not necessary that the plaintiff should show how he became possessed of the note or the consideration paid: the *onus* is on the defendants, and facts proven, not suspicions, are necessary to defeat a right of recovery. Vallet et al. *v.* Parker, 6 Wend., 615.

II. The notice given by the defendants' attorneys was served upon the plaintiff's attorneys the day before the trial, and the plaintiff did not admit due service of the same, and it was insufficient for any purpose whatever.

III. The plaintiff's affidavits, filed upon the motion for a new trial, show that his counsel relied upon the case of Palmer et al. *v.* Goodwin, 5 Cal., 458, and the Court should have granted plaintiff's motion for a new trial, on the ground of surprise.

*Cook and Fenner* for Respondents.

1. The position taken by the defendants is, that they having established the fact that the check was given for an illegal consideration, the same being a gambling consideration, the plaintiff must prove that he occupies the position of a *bona fide* purchaser for value.

*Prima facie*, the check was for a good consideration in the hands of Chapman. The defendants defeat him by showing no consideration. The present holder must, then, in order to overcome this defence, show that although as between the original parties it is void, he has paid value for it, and received it *bona fide.* The reason of this rule is obvious : the plaintiff has it in his power to show how he received it, and what he paid ; the defendants are ignorant upon the subject, not even knowing from whom he received it, consequently they could not make the proof. McKinnon *v.* Sanbury, 23 Ohio, 158 ; Holme *v.* Kaspar, 5 Binney, 469; Monroe *v.* Cooper, 5 Pick., 412; Woodhull *v.* Holmes, 10 J. R., 241; 1 Campb., 100; 2 Ib., 574; Bertrand *v.* Barkman, 8 Eng., (Ark.) 150; Neroslin *v.* Forward, 5 Ala., 349; 1 Ib., 569; 7 Ib., 256; Boyd *v.* McIvon, 11 Ib., 825; 1 Maryland Ch. D., 445.

2. The statute to suppress gaming does not change the rule ; it simply provides that paper given for money lost at gaming shall be good in the hands of a *bona fide* holder, etc. It does not conflict with the universally established rule, that the plaintiff must, after the note is shown to be void, show that he is a *bona fide* holder for value.

FIELD, J., after stating the facts of the case, delivered the opinion of the Court—BALDWIN, J., concurring.

The question presented in this case is, whether the illegality of the consideration, for which the check was given, is available as a defence against the plaintiff. As between the parties, it is not denied that the consideration may be inquired into. As between them, the consideration was illegal. Gaming is prohibited by statute; it is declared to be a felony in the keeper of the game, and a misdemeanor in the player. As to all persons except a *bona fide* holder without notice, the check is void. The statute so expressly declares, and such would be the rule of law independent of the statute. And there is little doubt that the check passed to the plaintiff after its dishonor by the bankers. It was given to Chapman, and was presented for payment by him—a circumstance which justifies the inference that he held it at the time as he held it originally. And if transferred after dishonor, the plaintiff took it subject to all the defences to which it was subject in the hands of the first holder.

Even had it been transferred to the plaintiff before dishonor, the illegal consideration being admitted, it devolved upon him to show that he took it without notice and for value. With checks, as with promissory notes, the presumption is that they are given upon a valid consideration, but this presumption being rebutted, the necessity is thrown upon the holder of proving that he received it in good faith, without notice of the illegality of the consideration. (Story on Prom. Notes, § 196; Duncan *v.* Scott, 1 Campbell, 100; Rees *v.* Marquis of Headfort, 574; Monroe *v.* Cooper, 5 Pick., 413; Home *v.* Karsper, 5 Binney, 469.) This the plaintiff did not do, and there was no error therefore in the rendition of judgment against him.

The motion for a new trial was properly overruled. There is no excuse offered in the affidavit of the plaintiff for omitting to prove that he was an innocent purchaser; and there is no weight to be given to the excuse offered by the attorney, that he supposed the facts admitted would not be allowed in evidence unless followed by proof that the plaintiff received the check with notice, and was taken by surprise when the counsel of the opposite party read to the Court authority for the notice he had served, requiring the plaintiff to prove the consideration paid for the check. The surprise alleged, is only that the law was different from what the attorney supposed it to be—a state of feeling which, in numerous instances, under like circumstances, has been experienced by other counsel, but has never availed to obtain a new trial.

Judgment affirmed.