JOHN C. IVORY, Respondent, *v.* THE BANK OF THE STATE OF MISSOURI, Appellant.

1. *Bill of Exchange—Grace.*—A check drawn upon a bank, requesting it to pay money, at a day subsequent to its date, to a third party, or order, is entitled to grace; and a presentment on the day named is not a good presentment so as to bind an endorser upon demand and refusal of payment and notice.

2. *Bank—Negligence—Action.*—A bank receiving for collection a check payable at a subsequent date, and presenting the same for payment upon the day named without allowing days of grace, is liable to an action by the owner of the check for its negligence in making demand.

*Appeal from St. Louis Court of Common Pleas.*

This was an action for negligence, alleged against the appellant, for failing to make presentment, demand, protest and notice of the dishonor of the following instrument of writing:

"St. Louis, 12 Oct., 1860.

"The Southern Bank of Saint Louis:

"Pay to M. C. Jackson & Co., or order, five hundred dollars, on 22d of October.

"$500.00. *Bf.* E. WEBRE & Co."

Endorsed, "M. C. Jackson & Co."

It appeared in evidence on the trial, that on the 12th of October, 1860, and for more than a year before and after that day, the respondent was one of the directors of the bank;

that on said day the agent of respondent offered to the note clerk of appellant, for collection, the instrument of writing above set out. The note clerk objected to receiving this paper, saying to the agent of respondent that the appellant was not in the habit of receiving such paper for collection. Respondent's agent insisted that this paper should be received, saying it was only required it should be presented for payment at the Southern Bank on the day of its maturity, which was agreed upon then to be the 22d day of October, and was so written down in respondent's bank book, this book remaining in his possession.

The paper was delivered to a notary on the 22d of October, 1860, for presentment and demand. Said notary made presentment and demand on said 22d day of October, when the paper was dishonored, and immediate notice thereof was the same day given to all the endorsers, including the respondent, who gave no further instruction in the matter.

In October, 1860, the drawers, E. Webre & Co., were insolvent. The endorser, M. C. Jackson, was then and ever since solvent.

The Court refused the following instructions, asked for by the appellant:

1. If the jury believe from the evidence that it was contrary to the rules and usages of defendant for its employees to receive for collection such paper as is set out in the petition of plaintiff, and that the employee of the defendant received said paper without any authority from the president, cashier, or board of directors, of defendant, then they will find for defendant.

3. The check was not entitled to days of grace, but was properly due and payable on the 22d of October.

4. If the plaintiff knew at the time said check was deposited with defendant that it was not such paper as it was usual for defendant to receive for collection without a special order therefor from the president, or cashier, or board of directors, then it was the duty of plaintiff to procure such special

order; and if he caused said check to be deposited without any such order, then the plaintiff cannot recover.

5. If the plaintiff, within one day after the 22d day of October, on which said check was protested, was informed of the protest of said check on that day, and then consented that it should not be protested after the days of grace had expired, then plaintiff cannot recover.

The court gave the following instructions, asked for by the appellant:

2. If the jury believe that the agent of plaintiff, at the time he deposited said check with defendant, left instructions that the same should be protested on the day of its maturity, without grace, and that said check was so protested, then the plaintiff cannot recover.

6. If it does not appear from the evidence that the plaintiff had used proper means to collect the check, in said petition described, since its return to plaintiff, then the plaintiff cannot recover; [given by the court, with the addition] unless it appear that the drawers of the draft were insolvent at its maturity, and have continued insolvent, so that any proceedings against them would have been unavailing.

At the conclusion of the trial, the court, sitting as a jury, rendered judgment in favor of plaintiff.

*C. F. Burnes*, for appellant.

I. The instrument described in the petition as the foundation of this suit is a check, payable on the day named therein, without days of grace. (*In re*, Brown, 2 Stor. C. C. 503, 511, 518; Chit. on B. 411, note 1; Sto. Prom. N. § 490; 21 Wend. 373; 2 Hill. 430; Bowen v. Newell, 5 Sandf. 327.)

II. Persons dealing with a bank, and knowing its rules and usages, are bound by them, and a jury would be authorized to find an implied agreement or assent thereto. (10 Cush. 580.)

III. Persons dealing with an agent, and knowing that the

31—VOL. XXXVI.

agent is exceeding his authority, cannot hold the principal accountable for such acts of the agent thus known to be without authority.

IV. The subsequent act of respondent ratified the acts of the notary and clerk, and made them his agents instead of the agents of the appellant.

*G. P. Strong, Glover & Shepley,* for Respondent.

LOVELACE, Judge, delivered the opinion of the court.

The first question in this case is, whether the instrument, which forms the basis of the action, is a bill of exchange, and as such entitled to days of grace. Kent has defined a bill of exchange to be " a written order or request, by one person to another, for the payment of money, absolutely and at all events." (Kent's Com. § 44, p. 74.) Story says of this definition that " its peculiar distinguishable quality in modern times, its negotiability, is omitted "; and he, accordingly, adopts the definition of Mr. Kyd, which states it to be " an open letter of request addressed by one person to a second, desiring him to pay a sum of money to a third, or to any other to whom that third person shall order it to be paid, or it may be payable to bearer." (Sto. on B. Ex.)

The instrument in question is addressed to the Southern Bank of Saint Louis, and requests it to pay to M. C. Jackson & Co., or order, five hundred dollars, on the 22d of October, and signed by E. Webre & Co. It seems, then, exactly to fall within the above definition of a bill of exchange.

At common law, all bills of exchange and drafts for money, except those payable on demand, (or where no time for payment was specified, and they were construed to be payable on demand,) were entitled to three days of grace. Our statute makes these payable at sight, or on demand—payable when presented, without days of grace; and, with this qualification, all bills are entitled to grace. This bill is neither payable at sight nor on demand, but on a day certain; and

it was therefore entitled to grace, and it was negligence to present it before grace had expired.

As to whether the bank was accustomed to dealing in this kind of paper, is a matter of no importance. It was a species of paper that banks are generally in the habit of dealing in, and the officers of the bank did, in point of fact, undertake to collect this particular bill, and it was clearly its duty to use proper diligence and present it for payment on the proper day, after days of grace.

There was no error in refusing instructions numbered 1, 3, 4 and 5, asked by defendant. Instructions numbered 2 and 6 properly set out the law of the case. As to whether the plaintiff might have had the check presented in time after he received notice of the protest, is sufficiently set out in instructions numbered 6. He plainly would not have it presented before it was returned to his possession, and all he could do was to use due diligence after he received it.

The judgment is affirmed. The other judges concur.