Isabella H. Vallé, Respondent, *v.* John R. Picton, Appellant.

### June 24, 1884.

1. Practice — Motions.— A clearly frivolous motion may be overruled immediately, notwithstanding the statute which requires that motions shall be filed at least one day before they are determined.

2. —— Attorney and Client.— An affidavit in support of a motion to dismiss on the ground of want of authority in the attorney to begin the suit, which states only the affiant's belief, does not tend to overcome the presumption arising from the professional obligation of the attorney, and such motion may be summarily overruled.

3. Contracts — Consideration. — A promise conditioned upon a release to the promisor of an interest asserted by the promisee, but not conceded by the promisor, is supported by a sufficient consideration.

4. —— A promise conditioned upon the conveyance to the promisor of a possible interest which he believes the promisee has, but which the latter does not claim, is supported by a sufficient consideration.

Appeal from the St. Louis Circuit Court, Lubke, J.
*Reversed and remanded.*

John M. Holmes and E. A. B. Garesché, for the appellant: A defendant is not bound to answer a suit begun without the plaintiff's authority. — Weeks on Attorneys,

sect. 200. If the attorney, after a motion to dismiss is made, and after a reasonable notice of it, fails to show his authority the court shall dismiss the suit. — Weeks on Attorneys, sect. 214, p. 370; *Turner* v. *Caruthers*, 17 Cal. 433; *McKernan* v. *Caruthers*, 4 How. (Miss.) 333. A promise is a sufficient consideration for another promise. — 1 Pars. on Con. bottom p. 470; *s. c.* 9 Bing. 68; *Mississippi Bank* v. *Sabin*, 48 Vt. 329; *Moss* v. *Green*, 41 Mo. 389.

McKEIGHAN & JONES, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The petition contains two counts on promissory notes, and one for money paid by the plaintiff to the defendant's use. The verdict and judgment were for the plaintiff on all the counts.

The amended answer alleges that the defendant's former wife, a daughter of the plaintiff, had sued him for divorce, in which suit he had filed an answer and cross-bill. That, during the pendency of that proceeding, the present plaintiff and defendant entered into an agreement, by which the plaintiff was to cancel and surrender to the defendant the notes here sued on, and was to release him from all liability on account of the matters charged in the petition, and was further to pay the defendant the sum of $8,500 in cash, upon the execution of a conveyance by him to his said wife, at the termination of said suit — whether the decree rendered therein should be in favor of one party or the other — of all his marital rights, claims, and demands, and of all rights, claims, and demands, of whatsoever nature, in and to the property of his said wife. That in accordance with said agreement, upon the termination of the divorce suit, the defendant executed and delivered the conveyance stipulated for, and the plaintiff paid him the sum of money promised; but through accident, mistake, or oversight, the said notes and evidences of indebtedness were not

cancelled or surrendered, as had been agreed upon. A reply put these allegations in issue.

On May 12, 1882, the defendant filed his motion for a dismissal of the cause, "because the same has been instituted and is prosecuted without the knowledge, consent, or authority of the plaintiff." This motion was supported by the defendant's affidavit to the effect that "he has good reason to believe and does believe, and does so aver, that the above entitled cause has been begun by Henry A. Clover, the attorney herein, without the knowledge, sanction, or authority of the plaintiff herein, and against her wishes. And he does believe, and does so aver, that if advised thereof, she would not sanction the same." No other affidavit or proof was offered in support of the motion, nor was any leave asked for or given, to file additional proofs. On the same day the motion was overruled. There were some irregularities in this proceeding, but on the whole we do not perceive any error which would justify a reversal. By Revised Statutes, section 3558, "motions in a cause filed in term, shall be filed at least one day before they may be argued or determined." The law, on its face, imposes a duty of diligence on the party filing the motion. At the same time it secures to both parties the benefit of one entire day's preparation for the argument and submission. If the position of the case on the docket will admit of the statutory delay it would be a wrong against the mover, as well as against the adverse party, to pass upon the motion without that delay, unless this is consented to at the time. But if the motion be manifestly insufficient on its face and not entitled to serious consideration, by reason of its inherent irrelevancy or frivolousness, there can be no such error as would be fatal to a judgment, in disposing of it at any time. The customary rule in practice requires that affidavits or other proofs in support of a motion must be filed with it; otherwise, leave must be obtained at the time to file them within a specified time afterwards. If no such leave be given, the motion must be disposed of as

it stands, with its accompanying proofs, at the time of filing. The motion and affidavit, in the present instance, were wholly insufficient for the object sought. There is a legal presumption arising from professional obligations resting upon every attorney in good standing, and from the oath he has taken, that he will not abuse his privileges by bringing any person into court as a party without authority from that person so to do. This presumption, to be effectually rebutted, must be met by something more than mere belief — however honestly entertained, and upon whatsoever undisclosed reasons seeming sufficient to the believer — that the attorney has been guilty of a professional malfeasance. The "suitable suggestion" referred to in *Keith* v. *Wilson* (6 Mo. 439), must be some showing of specific facts, from which the court itself may be induced to doubt the attorney's authority to appear for the party. In that case, as well as in the others cited, there was a very complete showing of such facts. In the present case the motion to dismiss, as presented, was wholly insufficient on its face, and must have been overruled, whenever and however reached.

We here copy from the statement filed by the respondent, so much of the testimony as seems to be material to our present purpose : —

"John R. Picton, the appellant, testified substantially that during the pending of the divorce suit he had no conversation with Mrs. Valle. Had conversation with Judge Clover, attorney for his wife, Mrs. Zoe Vallé Picton, in her suit for divorce against the witness at the office of appellant in May, 1881. Judge Clover stated (says the witness) that if he would withdraw certain accusations in the pleadings, that his client's (Zoe Vallé Picton) friends would assist him financially. Witness referred Judge Clover to his attorney with respect to the matter. Witness stated to Judge Clover that he did not want to make any money out of it. He wanted to pay some obligations and be released from all con-

nection with the family. Judge Clover brought up the fact, that he (the witness) owed Mrs. Vallé a large sum of money, which the agreement would wipe out, and the whole thing would be settled quietly. All the obligations between myself and the family, and the connection were to be severed permanently in every respect. He (Judge Clover) said that whatever arrangement was made, that I would be expected to sign a deed releasing all my right, title and interest in my wife's property.

" Had no further conversation with Judge Clover in regard to that matter until after the divorce was granted, then he approached me about signing the deed, and said he was waiting for my signature. Signed the deed and delivered it and the cash money was paid by Mr. Finkelnburg. Mr. Garesché, the witness, and Judge Clover were present when the money was paid."

There was other testimony which tended to show that an agreement was finally made between the attorneys of the parties, respectively, whereby the defendant was to surrender, by conveyance, all interest in his wife's property, and the plaintiff was to pay him $8,500 ; and that these conditions were finally consummated by the parties on both sides. It was also shown that in the year 1874, long before the commencement of the divorce suit, the defendant and his wife had conveyed to the plaintiff as trustee, for the use of the wife, all her property rights, and whatever interest he had or could have in the same.

Of the instructions given for the defendant, one, numbered 2, was as follows : " The court instructs the jury that the execution and delivery of a deed furnishes a sufficient consideration for a promise, whether the grantor in the deed had or had not any interest in the property conveyed, or sought to be conveyed thereby." The court gave, also, of its own motion, the following : —

" Of its own motion the court instructs the jury that the deeds read in evidence here, and admitted to have been

executed and delivered by the defendant to a trustee for his wife, before the commencement of the proceedings for divorce, passed out of the defendant all interest which he then had in his wife's estate, and barred him from asserting thereafter, in virtue of his marriage, any interest in any estate which his wife might thereafter acquire. To authorize a finding (under defendant's instruction No. 2, given by the court) that the deed executed and delivered by the defendant after the termination of the divorce suit, furnished a sufficient consideration to support the alleged agreement for the surrender by the plaintiff of the notes and causes of action here sued upon, the evidence should satisfy the jury that, notwithstanding the prior deeds hereinbefore mentioned, the defendant asserted, and the plaintiff conceded, that the defendant upon the termination of the divorce suit, might have some interest in his wife's property then in possession, or thereafter to be acquired, which the deed to be delivered under the agreement would deprive him of. The evidence must satisfy you that this assertion and concession were in good faith to give an actual and not a colorable consideration for the agreement. And if you believe, from all the evidence and circumstances given in evidence here, that such consideration was only pretended, and that the real consideration for such agreement (if you find the same was made by the plaintiff's agent for her and with her authority), was, that the defendant would withhold an answer in the suit for divorce, which, if filed and pressed, would have defeated her application for the divorce, or would have shown that she was not an innocent and injured party, then such agreement was utterly and wholly void, on the grounds of public policy, and you should find against the defendant."

The defendant was entitled to all the benefit of his own testimony to the effect that the agreement in contemplation, if made, was to " wipe out " his indebtedness to the plaintiff. There were some conflicts in the testimony on this point, but the defendant was none the less entitled

to have the jury properly informed as to the true legal conclusion, if they believed his testimony. The court told the jury, in effect, that the defendant was entitled to no benefit of the understanding claimed by him, unless there was a sufficient consideration in his undertaking to convey all interest held by him in his wife's property; and that there could be no such sufficient consideration, unless " the defendant asserted, and the plaintiff conceded, that defendant, upon the termination of the divorce suit, might have some interest in his wife's property," etc. We do not think that this is the law. It could not be necessary both that the defendant should assert, and the plaintiff concede, the proposition stated, in order to create a consideration for a promise. If the defendant asserted an interest and the plaintiff refused to concede it, but did, nevertheless, make a promise, conditioned upon the defendant's surrender of his alleged interest, the promise would be binding; on the other hand, if the defendant asserted no interest, or believed that he had none, while the plaintiff, acting upon a supposition that there might be some interest remaining in the defendant, induced him by a promise to convey away his possibilities, such a promise would be founded on a consideration sufficient to make it binding. " For it is a perfectly well settled rule that if a benefit accrues to him who makes the promise, or if any loss or disadvantage accrues to him to whom it is made, and accrues at the request or on the motion of the promisor, although without benefit to the promisor, in either case the consideration is sufficient to sustain *assumpit*." 1 Pars. on Con. 431.

Mr. Garesché testified that, as counsel for defendant in the divorce suit, he was opposed to the setting up of a defence proposed by Mr. Picton, and so " obtained permission to confer with Judge Clover, to stop it, and to see if we could not make an arrangement which, while it would not be collusive in the eye of the divorce law, at the same

time would sweep away from the public scandalous matter, and bring the parties to a quiet settlement. Witness urged Judge Clover that it was proper to avoid the scandal, and to arrange it." From this and other testimony in the cause, it was possible for the jury to infer that what was said about withholding the defence talked about, constituted no part of the agreement finally entered into with reference to money affairs and indebtedness, but was founded upon a desire on both sides to avoid a possible scandal. If they did so infer, then their finding against the defendant must have been based upon that part of the instruction which we have found objectionable. In any event, we are not at liberty to say that the verdict was not controlled by the erroneous ruling. The judgment, therefore, can not be allowed to stand.

Some other points are made on alleged errors in the proceedings below, but inasmuch as the same matters are not at all likely to arise in any further disposition of the cause, there is no need of elaborating them here. For error in the instruction given, as stated, the judgment is reversed and the cause remanded. Judge THOMPSON concurs; Judge BAKEWELL not sitting.