JANE E. ROBINSON, Defendant in Error, v. GEORGE W. ROBINSON, Plaintiff in Error.

St. Louis Court of Appeals, October 16, 1888.

Pleading: UNAVAILABLE DEFENSE: ATTORNEY'S AUTHORITY. Allegations in an answer to the effect that the defendant is informed and believes that the plaintiff never authorized the suit, and is not now aware of its institution, and that the suit was instituted without her knowledge or consent, set up no defense, and are not even sufficient to raise an inquiry into the authority of the plaintiff's attorney to commence the proceeding.

*Error to the Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Smith, Hostetter & Clark*, for the plaintiff in error.

The rule that plea in bar waives dilatory pleas, has been changed by the statute. R. S. 1879, secs. 3513 and 3522; *Little v. Harrington*, 71 Mo. 390; *Eyler v. Jones*, 79 Mo. 261; *Thompson v. Bronson*, 17 Mo. App. 456.

*W. H. Morrow* and *J. H. Blair*, for the defendant·
in error.

PEERS, J., delivered the opinion of the court.

Plaintiff, on the twenty-seventh day of April, 1886,
commenced suit in the circuit court of Pike county
against the defendant on two notes of five hundred
dollars each. The petition is in the usual form.
Defendant filed an answer to the petition admitting the
execution of the notes and averring their payment and
discharge, together with several other defenses set out in
the pleadings. The answer then concludes with the fol-
lowing averment :

"Defendant further answering says that he is
informed and believes that the plaintiff never authorized
the institution of this suit, that she is not now aware of
its institution, but being feeble in body and mind, and
confined to her home, that John Morris and James
Morris, her brothers, without her knowledge or consent,
obtained possession of the notes sued on and caused suit
to be instituted thereon, and defendant asks that said
suit be abated and dismissed, and defendant recover of
the plaintiff his costs, and for such other orders in the
premises as the facts may· warrant."

On motion of the plaintiff this clause of the answer
was by the trial court stricken out on the ground and for
the reason that the same is not responsive to the plain-
tiff's petition, and constitutes no defense to plaintiff's
suit.

This action of the trial court in this particular is
assigned as error, and is the only question which we are
called upon to determine.

The object of that portion of the answer stricken
out by the trial court is quite evident, and it is equally
clear that the object sought to be attained cannot be
reached in that way. We know of no such plea as the
one thus sought to be set up, by way of answer. It is
not responsive to the petition, constitutes no defense to

plaintiff's action, and was properly stricken out by the trial court. The point sought to be raised goes to the authority of the attorney to represent the plaintiff in bringing the action, and upon a suitable suggestion of facts, the attorney will be required to show some authority, either verbal or written, for conducting the suit. *Keith v. Wilson*, 6 Mo. 435. The "suitable suggestion" must be some showing of specific facts from which the court itself may be induced to doubt the attorney's authority to appear for the party. *Valle v. Picton*, 16 Mo. App. 178. The allegations in this answer are wholly insufficient for the objects sought. "Information and belief," however honestly entertained, are not sufficient to overcome the presumption arising from professional obligations, resting upon every attorney in good standing, that he will not abuse his privileges by bringing any person into court as a party, without authority from that person so to do. *Valle v. Picton, supra.*

We do not wish to be understood as holding that upon a proper showing and in a proper way the right of an attorney to bring an action may not be questioned, and a cause dismissed for want of authority in the attorney to represent the party; and while warrants of attorney have been dispensed with in this state, yet, upon a suitable showing of facts, the attorney may be required to exhibit some authority for his appearance. The question cannot be raised in the manner attempted in this answer.

The position of the plaintiff in error, that the rule that a plea in bar waives dilatory pleas has been changed by the statute and the decisions of the supreme court, is correct, but it lacks application in this proceeding.

Finding no error in the record, the judgment of the lower court is affirmed. Rombauer, P. J., concurs; Thompson, J., is absent.