CASE 65.—ACTION BY ADDIE M. THROGMORTON AGAINST H. A. GRIGSBY'S ADM'R TO RECOVER ON A CHECK CLAIMED AS A GIFT FROM DECEDENT.— January 31.

# Throgmorton v. Grigsby's Adm'r.

Appeal from Trigg Circuit Court.

THOMAS P. COOK, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Affirmed.

Gifts—Inter Vivos—Delivery—Checks.—The issual and delivery of a check for the purpose of a gift is not a delivery of the money, so that, the check not having been paid or accepted by the drawee, the gift is not completed, and therefore, the drawer cannot be considered as holding the money as trustee for the payee.

LEE & HESTER, attorneys for appellant.

### AUTHORITIES CITED.

1. Trust. (Williamson v. Yeager, &c., 13 Ky. Law Rep., 275; Roche v. George's Exr., 14 Ky. Law Rep., 584; Krankel's Extr. v. Krankel, 20 Ky. Law Rep., 902; Barton v. Barton, 80 Ky., 215.)
2. Bill of exchange. (Murry v. Clayborn, 2 Bibb., 300.)
3. Limitation. (Baurer v. Baurer, 17 Ky. Law Rep., 242; Caldwell's Adm'r v. Hampton, 21 Ky. Law Rep., 793.)

ROBERT CRENSHAW and JAS. B. GARNETT for appellee.

### CITATIONS.

Parson's on Contracts, 1st vol., 236; Curry v. Powers, 26 Am. Reports, 577; Simmons v. Cin. Sav. Society, 27 Am. Reports, 521; Harris v. Clark, 51 Am. Dec., Williamson v. Yeager, 91 Ky.; Roche v. George, 93 Ky., 609.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

H. A. Grigsby, a bachelor, about 60 years old, resided near appellant's father, T. M. Heath, for about five years; then made Mr. Heath's his home for a long time. He became very much attached to Mr. Heath's 12-year-old daughter, Addie (now appellant). He petted and called her his little girl. On January 29, 1895, while on the eve of making a trip to Trigg county to visit his relatives, he wrote out his last will, in which he provided, should he not return to Graves county, those winding up his estate should give his tobacco crop, horse, and buggy and what money he had in the Mayfield National Bank to Addie M. Heath, the appellant. He also drew a check on the First National Bank of Mayfield, Ky., in favor of Addie Heath for $1,000, and gave both, the will and the check to her, and told her that she had better let her mother take care of them, and said that, if he did not return, her mother could collect the check for her, but if he came back he would take care of it for her, and make it make more money. He went on his trip, and was gone some three or four months. On his return he asked Addie if she had got that money on the check. She informed him that she had not; then he said he would use it for her. He also said that, if she collected it, she would spend it and would get nothing but the principal out of it, and, if he kept it, he would make it make more money for her. He made two or three trips back to Graves county from Trigg after that, and on each trip he made Mr. Heath's his home; and on several occasions asked Addie about the papers (the will and the check), and told her to keep them; that they would be of benefit

to her some day. On the last trip he told her that he had made that money double itself. Thus matters stood until 1905, when H. A. Grigsby died in Trigg county. The appellant brought this action on the check for $1,000 and its interest. The appellee by his answer put in issue the gift. The proof was taken by depositions. The depositions of appellant's five or six witnesses proved her case as stated. The appellee proved by one witness that he went with Grigsby the last trip he made to Graves county, which was in the fall of 1902, and when at Heath's he heard Addie, appellant, say to Mr. Grigsby that she had married and wanted to know of him if he was going to live up to his promises, which were to give her a horse and buggy and some money, that she wanted to go to housekeeping, and that he answered that he had made that promise upon condition that she married to suit him, which she had not done, and he would not give her anything. This was contradicted by several witnesses. Appellee also took the deposition of the cashier of the First National Bank of Mayfield, who filed a statement showing the account of H. A. Grigsby with the bank. At the date of the check sued on Grigsby had on deposit at the bank only about $400. After that he made other deposits and drew drafts which were paid. The last draft drawn by Grigsby upon the bank was November 19, 1895, which covered all that was due to him from the bank. He never at any time made any other deposits. On the trial the lower court found against appellant, and she has appealed.

Appellant contends that under the facts as proven in this case Grigsby made a gift to her of the $1,000; and afterwards he took charge of the fund as her trustee and managed it for her and increased the amount to $2,000. If he had made the gift complete.

her contention would be right; but, admitting as true all she says about it, in our opinion the gift was not complete. There was no consideration passed from her for the amount named in the check. He was not related to her in any way, and all that induced him to write the check was his regard for and attachment to her. In Parson on Contracts, volume 1, section 236, it is said: "From the established principles in regard to promises without consideration, and the necessity of delivery, and acceptance, it may be inferred that if the gift, inter vivos, be made by a note or promise, not under seal, it may be avoided by the donor, for it is not a present gift, but a promise without consideration. If it be by a check, or order or draft, then it can be revoked, and payment or acceptance stopped." In the case of Simmons v. Cincinnati Savings Society, 27 Am. Rep. 521, the court said: "The question as to what are the rights of a holder of a check for value, against the drawee or drawer, does not arise in this case. Many of the authorities cited by counsel for the plaintiff relate to this question and need not here be considered. The plaintiff claims as the payee of a check delivered to her by the drawer, who intended thereby to transfer to the plaintiff, by way of gift, the fund on which the check was drawn; and the question is whether before the payment or acceptance of the check by the drawee the gift was executed. It seems clear to us that until the check was either paid or accepted the gift was incomplete; and that, in the absence of such payment or acceptance, the death of the drawer operated as a revocation of the check. It is well settled that, in order to constitute a valid gift, there must be a complete delivery of the subject of the gift, either actual or constructive. The check in the present instance was a mere order or authority to the payee to draw

the money; and, being without consideration, it was subject to be countermanded or revoked while it remained unacted on in the hands of the payee.'' From these authorities it is clear that the issual and delivery of the check by Grigsby to appellant did not operate as a delivery of the money to her. She never had the possession of it either actually or constructively, and it required this to make the gift complete. Consequently she never had or owned the $1,000 and could not have turned it over to Grigsby as her trustee to manage for her.

From the facts as presented in this record it is evident that Grigsby had a great fondness for appellant and desired to give her a portion of his estate; but, unfortunately for her, he did not accomplish his purpose in a way so as to make it binding upon himself or his estate. The will referred to in the record is not copied, nor does it appear that it ever was probated; and we do not pass upon its validity, as it is not in issue in this case.

For these reasons, the judgment of the lower court is affirmed.

Petition for rehearing by appellant overruled.