## Cox's Exr, et al. v. Walker.

(Decided October 7, 1910.)

Appeal from Spencer Circuit Court.

Gift—Inter Vivos.—Gift of a check, that is not presented to the bank or paid before the donor dies, cannot be presented as a claim against the estate, unless it was given for a sufficient consideration.

WILLIS & TODD, J. W. CRUME, and BARNETT & BARNETT for appellants.

JOHN S. KELLEY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Mrs. Ann B. Cox, a lady in good financial circumstances, and who died in March, 1909, gave to the appellee in February of that year a check for one thousand dollars, which check was not presented at the bank upon which it was drawn for payment during the life of Mrs. Cox. In a suit to settle the estate of the deceased, the appellee, Sue Walker, presented this claim, and from a judgment allowing it this appeal is prosecuted.

The evidence shows that appellee is a colored woman, about fifty years old, who had lived with Mrs. Cox all of her life until her marriage some eight years before the death of Mrs. Cox. After her marriage she lived in different places with her husband, a Methodist minister, but every year until 1907 she visited Mrs. Cox as often as once and sometimes more frequently, remaining with her in the course of each year several months. In 1907 Mrs. Cox then a childless widow, was taken seriously ill with an ailment that required a surgical operation. She desired the presence and attention of the appellee, who was then living in Clarksville, Tennessee, and at her request and in response to a telegram, the appellee at once left her home and came to Mrs. Cox's and remained with her continuously from that time until her death. The evidence conclusively shows that there was a strong attachment between Mrs. Cox and the appellee, and that the appellee was exceptionally kind, patient, and faithful in her attention to Mrs. Cox, both day and night, giving to her from 1907 until her death, the whole of her

time and rendering every service that a lady in Mrs. Cox's feeble health could desire or exact. It is not often that a record discloses such devotion as appellee exhibited in her services to Mrs. Cox; and that Mrs. Cox fully appreciated the faithful and unremitting attention of this family servant is shown by the testimony of a number of disinterested witnesses.

The payment of this check is resisted by the executor of Mrs. Cox upon the ground that it was a voluntary gift, without consideration, and therefore not a valid and enforcible claim against the estate of Mrs. Cox; while the appellee contends the check was not a gift, but was given to her in consideration of services rendered by her to Mrs. Cox.

If the check was presented to appellee as a gift, and without any consideration therefor, the death of Mrs. Cox before the check was presented for payment and paid had the effect of revoking the gift, and therefore the appellee could not recover from the estate the amount of it. This principle is fully settled in Throckmorton v. Grigsby, 124 Ky. 512; and Foxworthy v. Adams, 136 Ky. 403. But the fact that the check was given to the appellee not as a gift, but as compensation for services rendered by the appellee is clearly established by the evidence. There is convincing testimony to the effect that Mrs. Cox on more than one occasion said that she intended to give appellee a thousand dollars for her services and attention. Mrs. Overstreet, a near neighbor, and intimate friend of Mrs. Cox, in speaking of the service rendered by appellee, said: ''There was no service that she did not perform; there was nothing that could be done that she did not do; she attended to the premises, cleaned the house, gave her her medicine, made the bed, dressed her, cooked for her, and did everything that any true, faithful servant could do. She remained with her until the last breath left her body; she assisted in putting her in the coffin, and stood at her grave.'' She testifies that Mrs. Cox told her at one time that no amount of money that she could give to appellee would pay her for what she had done, and she intended to leave all of her property to her; but the witness told her ''that would never do, as the will would be broken and Sue left penniless.'' That she further said that she was going to give her a thousand dollars as a reward for her services and that after the check had been given to appellee, Mrs. Cox said to her that ''she had given Sue the thousand

dollars that she told her she intended to give her.''

There is some evidence that Mrs. Cox paid appellee three dollars a week as fixed compensation for her services, but this circumstance cannot be allowed to outweigh the positive statements of Mrs. Cox that she intended to and had given appellee as compensation for her services one thousand dollars, when coupled with the fact that her services were worth this sum.

A careful reading of the record convinces us that the check was given to appellee as compensation for services rendered by her; and so the judgment is affirmed.