A. T. NELSON, Respondent, v, W. I. DIFFEN-
DERFFER, Appellant.

Springfield Court of Appeals, February 12, 1914.

1. CHECKS: Pleading: Answer: Unverified: Admission. In an action on a check, the answer, being a general denial and not sworn to, admits the execution of the instrument.

2. NEGOTIABLE INSTRUMENTS: Checks: Consideration Imported. A check is a negotiable instrument and imports a consideration. (Citing Secs. 9972, 9977, 9995 and 10155, R. S. 1909.)

3. CHECKS: Action on: Petition: Sufficiency. In an action on a check it is sufficient to state that it was given in payment of an account stated and it is not necessary to allege how the indebtedness originally accrued.

4. ———: Consideration: Stopping Payment. Plaintiff and defendant, with others, were stockholders in a corporation. Defendant agreed to protect plaintiff from liability on a note indorsed by plaintiff for the corporation. Later defendant and certain stockholders agreed to pay a judgment rendered on the note and defendant gave his check for his portion of the indebtedness, payment on which he stopped after plaintiff had paid the judgment, using the check as part payment. There was sufficient consideration for the enforcement of the check.

5. ———: Gift of: Consideration: Revocation. A gift of a check is not complete until the check is paid and if it was without consideration it may be revoked at any time before actual payment.

6. ———: Consideration: Moral Obligation Merely. A purely moral obligation is not a sufficient consideration for a promise to pay.

7. STATUTE OF FRAUDS: Consideration: Subsequent Promise in Writing. An agreement, ineffectual under the statute of

frauds, is a sufficient consideration to support a subsequent express promise in writing.

8. **BILLS AND NOTES: Consideration: Benefit to Promisor: Detriment to Promisee.** A consideration need not be of any real value to the promisor. It is sufficient if it is any detriment or inconvenience to the promisee, or that he changed his relation to or relinquished his supposed right against the promisor or a third party in consequence of such promise.

9. **CORPORATE INDEBTEDNESS: Payment by Stockholders: By Cash or Stock: Consideration for Check.** The stockholders of a corporation agreed to pay a certain judgment against it. The stockholder who attended to the payment allowed some to pay their shares partly in cash, accepting their corporate stock for the balance. This fact did not render a check given by another stockholder for his portion of the indebtedness unenforceable.

Appeal from Laclede County Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*J. T. Moore* and *A. W. Curry,* for appellant.

(1) Plaintiff having undertaken to set up a consideration for the check must do so by sufficient averments. Glasscock v. Glasscock, 66 Mo. 627. (2) The instructions completely ignore the defense of no consideration interposed by defendant. The judgment of the Bank of Lebanon against the Power Company concludes not only the question presented, but also the questions that might have been. Brown v. Woody, 22 Mo. App. 253; Wilson v. Broughton, 50 Mo. 17; Donnell v. Wright, 147 Mo. 639. (3) Defendant's peremptory instruction should have been given, for plaintiff testified himself that there was no consideration for the check. The check was a gift. 14 Am. & Eng. Ency. Law, p. 1030; Foxworthy v. Adams, 124 S. W. 381; Thogmorton v. Grigsby, 99 S. W. 650; Nasse v. Thoman, 39 Mo. App. 182. (4) Instructions offered by defendant correctly declare the law and should have

178 Mo. App. 4

been given. Moral considerations are insufficient to uphold commercial paper. 2 Am. & Eng. Ency. Law (1 Ed.), p. 364; 8 Am. & Eng. Ency. Law (1 Ed.), p. 1320.

J. W. Farris for respondent.

(1) A check is, by its face, the appropriation of so much money of the drawer, in the hands of the drawee, to the payment of an admitted liability of the drawer. Hayes v. Bank, 75 Mo. App. 211, 214. (2) While a duebill is not a negotiable note, it is a promissory note and imports a consideration within the meaning of the statutes. Locker v. Knechenmeister, 120 Mo. App. 701.

STURGIS, J.—This is a suit on a check signed by defendant and payable to plaintiff, drawn on the Bank of Lebanon, Missouri. The answer is a general denial, which, not being sworn to, admits the execution of the instrument sued on, and pleads as an affirmative defense that such check was obtained by fraud and was given without any consideration. The court, being of the opinion that a sufficient consideration was shown, overruled defendant's demurrer to the evidence and submitted the issue of the check having been obtained by fraud to the jury, which, by its verdict for plaintiff, resolved that issue against the defendant.

The first assignment of error relates to the sufficiency of the petition and the refusal to require plaintiff to make same specific and definite and is based on the rule announced in Glasscock v. Glasscock, 66 Mo. 627, to the effect that, while a petition declaring upon a written promise to pay, need not aver any consideration, yet if a consideration is averred, it must be shown to be a sufficient one. This contention goes to the averment in the petition that this check was given on a settlement had between plaintiff and defendant of certain

business, not stating what, and an agreement then had
that defendant owed and would pay the amount of the
check. A check is a negotiable instrument and im-
ports a consideration. Such is the effect of the nego-
tiable instrument law. [Sections 9972, 9977, 9995 and
10155.] Such also is the effect of the decisions in this
state. [Famous Shoe & Clothing Co. v. Crosswhite,
124 Mo. 34 (27 S. W. 397); Building & Loan Assn.
v. National Bank of Commerce, 126 Mo. 82, (28 S. W.
633).] It certainly would not render the petition bad
to state that the check was given in payment of an
account stated, for. even in suing on an account stated,
it is not necessary to allege how the indebtedness origi-
nally accrued. The particulars of the account need not
be stated. [Ward v. Farrelly, 9 Mo. App. 370, 371;
McCormack v. Sawyer, 104 Mo. 36, (15 S. W. 998);
1 Ency. of Pleadings & Practice, 88; Bacon's Missouri
Practice, sec. 152.]

It is insisted that the facts of the case show that
the check was given without any consideration and
that the court should, therefore, have directed a ver-
dict for defendant. Attend then to the facts, as to
which there is little material contradiction. The facts
which are uncontroverted, or which the jury were au-
thorized to find and which they did find by their verdict,
are these: The plaintiff and defendant, together with
Reed, Clark and Rubey, constituted the resident stock-
holders of the Light & Power Company, a corpora-
tion, supplying electric light to the people of Lebanon,
Missouri. This corporation was not altogether pros-
perous and had occasion to borrow money from the
Bank of Lebanon, of which defendant was an officer.
In giving a note to this bank, the defendant requested
the plaintiff and Reed to sign the same as accommoda-
tion endorsers for the Light Company, so as to make
the note unobjectionable to the state bank examiner,
and agreeing that in so doing, the plaintiff would not
be held personally liable, at least for the whole amount.

We think there is sufficient evidence to support a holding that defendant made a verbal agreement to protect the plaintiff in becoming surety to his bank on the note of this corporation in which both were interested as stockholders.   Judgment was afterward had on this note and, the corporation failing to pay, plaintiff and the other endorser, Reed, were being pressed by execution to pay the same.   Thereupon, a meeting of the resident stockholders of the Light Company was had, at which plaintiff, owning two shares of stock, Reed, owning two shares, Clark, owning two shares, Rubey, owning four shares, and defendant, owning six shares, were present.   It was there proposed that each party pay in discharge of this judgment an amount proportional to the stock owned by him, to which plaintiff and defendant and Reed fully agreed and Rubey and Clark took the same under advisement.   Defendant says that he did not agree to this proposition further than that he would do whatever the others did, but, on a demurrer to the evidence, we must take the other version of it.   It is also in evidence that defendant then figured up the amounts each would pay, his part being $196.20, (the amount of the check sued on) Rubey's part being $130.80, and plaintiff's, Reed's and Clark's parts being $65.40, each.   Within a day after this meeting defendant gave the check in question and plaintiff and Reed, defendants in the execution, paid the judgment in full, using this check in so doing.   Defendant stopped payment on his check and plaintiff was compelled to take it up.   Defendant gave as his reasons for refusing to pay his check, that he learned that Clark (and perhaps Rubey, the doubt being only as to his learning of Rubey's deal) had not paid his pro rata part wholly in cash but had paid thirty-five dollars, in cash, and turned his stock to plaintiff for the balance.   Rubey paid fifty dollars, in cash, and turned his stock to plaintiff for the balance.   It is con-

ceded that plaintiff did settle with Rubey and Clark in this manner.

Defendant does not assign any error on the question of the check being obtained by fraud and misrepresentation, as that issue was put to the jury on instructions very favorable to him and the jury found against him on an instruction that reads: ''if at said meeting the defendant proposed to pay his part of the said judgment if the others did and subsequently the plaintiff represented to defendant that the other stockholders present at said meeting had paid their proportion of said judgment and stated to defendant that his proportion of the same was $196.20, and upon such statement and representation the defendant delivered his said check to plaintiff, and if said statements were untrue and defendant was induced thereby to give plaintiff the said check, you will find the issues for the defendant.''

We have concluded that on the foregoing facts the court did right in refusing to direct a verdict for defendant on the theory that the check was without consideration. We will again remark that in determining this we must take the facts in the most favorable light for plaintiff.

There is no doubt of the correctness of defendant's contention that a gift of a check is not complete until the check is paid and if same is without consideration it may be revoked at any time before actual payment. [Foxworthy v. Adams (Ky.), 124 S. W. 381; Thogmorton v. Grigsby's Admr. (Ky.), 99 S. W. 650.] It is the law also, though there are some authorities to the contrary, that a purely moral obligation is not a sufficient consideration for a promise to pay. [6 Ency. of Law (2 Ed.), p. 79, and cases cited.] But it is going entirely too far to say that a promise to pay in order to be valid must be supported by a legal and enforceable obligation. In Bentley v. Morse (N. Y.), 14 Johns., 468, the defendant had recovered

a judgment against plaintiff for a debt which plaintiff had in fact paid but had neglected to make such defense. After the plaintiff had paid this judgment, the defendant agreed that if plaintiff would produce his receipt, showing payment of this debt prior to the judgment, he would repay the amount. The suit was on this promise and the court said: ''The debt having been paid, the recovery in the former action was clearly unjust; and though in consequence of his neglect, the defendant in error lost all legal remedy to recover back his money, yet there was such a moral obligation on the part of the plaintiff in error to refund the money, as would be a good consideration to support an *assumpsit* or express promise to pay it. The moral obligation is as strong as any in the cases in which it has been held sufficient to revive a debt barred by statute or some positive rule of law. It is like the promise of an infant to pay a debt contracted during his nonage, or of an insolvent or bankrupt to pay a debt from which he is discharged by his certificate.'' [See also, Doyle v. Reilly, 18 Iowa, 108, 85 Amer. Dec. 582.] It is always recognized that promises to pay founded on debts barred by limitation or discharged in bankruptcy are not without consideration. [7 Cyc. 717, 718; 6 Ency. of Law (2 Ed.), 680, 681; Wislizenus v. O'Fallon, 91 Mo. 184, 190 (3 S. W. 837).] Nor are promises to pay made by infants after becoming *sui juris* invalid because not founded on enforceable obligations. [Bragg v. Israel, 86 Mo. App. 338, 342; 6 Ency. of Law (2 Ed.), 681, 682; 7 Cyc. 720; Brooks v. Merchant's National Bank, 125 Pa. St. 394, 17 Atl. 418; Vance v. Wells & Co., 8 Ala. 399.] The settlement of a disputed or doubtful claim, whether valid in fact or not, is also a sufficient consideration to support a promise to pay. [Pickel v. Chamber of Commerce, 80 Mo. 65, and 10 Mo. App. 191; Clough v. Holden, 115 Mo. 336, 358 (21 S. W. 1071); Dailey v. Jessup, 75 Mo. 144; Stephens v. Spiers, 25 Mo. 386; Valle

v. Picton, 16 Mo. App. 178; 6 Ency. of Law (2 Ed.), 711, 713.]

If it be here claimed that the verbal promise of the defendant to protect or reimburse the plaintiff in signing the note in question is a promise to answer for the debt of another, and, therefore, within the Statute of Frauds, it is a sufficient answer that an agreement ineffectual under the Statute of Frauds is, like a debt barred by the Statute of Limitations or discharged in bankruptcy, a sufficient consideration to support a subsequent express promise in writing. [Schnecko v. Meier, 4 Mo. App. 566; Rogers v. Stevenson, 16 Minn. 56; Knize v. Harper, 15 Ont. L. R. 582; 7 Cyc. 719, 720.]

The original consideration for the note which plaintiff signed for the Light Company, at the defendant's solicitation and on his assurance that plaintiff was not to be held personally liable therefor, did not move directly to either plaintiff or defendant. They were, however, both financially interested as stockholders in the success of such company—defendant to a larger extent than plaintiff. When this note went to judgment they were still to the same extent interested in its payment, except that plaintiff had then become legally bound. Had plaintiff been compelled to pay the whole judgment, the Light Company would have owed him the whole amount and its enforcement against the Light Company, unless it was expressly insolvent, either by the bank or by the plaintiff was of some financial interest to defendant. Besides, the plaintiff having paid the judgment, not for himself but for the stockholders of the Light Company, changed his relations to the company as to this indebtedness. It is not necessary that a supposed consideration be of some real value to the promisor. It is sufficient that it is any detriment or inconvenience to the promisee or that he change his relations or relinquish his supposed right against the promisor or a third party in consequence of such prom-

ise. [Williams v. Jensen, 75 Mo. 681; German v. Gilbert, 83 Mo. App. 411.]

We do not see that defendant was injured by reason of plaintiff's settling with two of the stockholders for part cash and part shares of stock nor was any such issue raised or request made to submit the same to the jury. There was no showing made that plaintiff would not have given defendant the same terms had he desired to sell his stock to plaintiff. There is no issue made or asked to be submitted that the check was given on a condition which subsequently failed. Even under defendant's version of the agreement to pay the judgment pro rata, we think that it was not the intention of the parties to make the same binding only in case each party pay his proportion in cash. From defendant's standpoint the gist of the agreement was to have the judgment debt satisfied with no further claimed obligation against him on his payment of his pro rata share. This was to be done by the others likewise paying pro rata, but, absent any element of fraud or collusion between the other parties, it was not material or essential that each party pay his part all in cash. Defendant had no right to refuse to pay anything merely because on a fair deal the plaintiff agreed with Clark and Rubey to pay, and did in fact pay, the judgment in full on their paying him, part in cash and part in property, their pro rata share.

It results that the judgment is affirmed. *Robertson, P. J.,* concurs. *Farrington, J.,* concurs.