ELLEN LONG, Defendant in Error, v. JOE LEE TODD et al., Plaintiffs in Error.

Springfield Court of Appeals, December 16, 1920.

1. **BILLS AND NOTES:** Holder not Entitled to Sue Party Indorsing Note for Plaintiff's Own Accommodation. Where plaintiff's attorney had indorsed a note payable to plaintiff taken in settlement of a transfer of property, to enable plaintiff to cash it at the bank, but plaintiff failed to do so and sued the attorney for the unpaid balance thereon, *held*, under Revised Statutes 1909, sections 1974, 9999, making failure of consideration a defense, sections 9997 and 10000, defining and fixing the rights of an accommodation party and a holder for value, and section 10034, defining the liability of one signing for the accommodation of the payee, that the attorney was not liable.

2. ————: Notice of Dishonor Held Essential in Action against Accommodation Indorser for Payee's Benefit. An action by the holder of a note against a party signing the note as an accommodation indorser for plaintiff's accommodation cannot be maintained in the absence of notice of dishonor.

Error to the Circuit Court of Jasper County.—*Hon. Joseph D. Perkins*, Judge.

REVERSED AND REMANDED.

*Dewey & Foulke* for plaintiffs in error.

(1) The court erred in finding the issues for the plaintiff Long as to defendant Leroy S. Dewey, because the evidence, uncontradicted, shows that said defendant was an accommodation indorser for the payee Long, the plaintiff below, at the solicitation of said plaintiff; and that said endorsement was given without consideration, by reason of which plaintiff cannot recover against the defendant L. S. Dewey. Overland Auto Company v. Winters, 210 S. W. 1; R. S. 1909, secs. 9999, 10000, 10034, 1874. (2) The court erred in not sustaining. defendant's motion for a new trial for the reason that under the law and the uncontradicted evidence of defendant L. S. Dewey, the verdict should have been for said defendant Dewey, because the endorsement was secured by plaintiff Long, the payee of said note, for her express accommodation, and was without consideration. R. S. 1909, secs. 10000, 10034, 1974. (3) The court erred in finding for the plaintiff as aganst the defendant Leroy S. Dewey, because under the pleadings and the evidence in the case it appears that legal demand for payment was never made of said defendant endorser. R. S. 1909, sec. 10041; Overland Auto Company, 210 S. W. 1.

BRADLEY, J.—This is a suit on a promissory note, Defendant, Dewey contested the case. The cause was tried to the court without a jury, and judgment went for plaintiff and against both defendants, and defendant Dewey brings the cause here by writ of error. Plaintiff and one McBee were partners in the Connor Taxi Company of Joplin. Plaintiff and McBee had some differences; and defendant Dewey, an attorney, represented plaintiff in whatever troubles she had with McBee concerning the Taxi Company. McBee sold his interest to defendant Todd, and thereafter as soon as Mrs. Long's interest was ascertained, defendant, Dewey, induced

Todd to purchase Mrs. Long's interest. The consideration for Mrs. Long's interest was $650. Todd paid $100 cash, and gave the note sued on for $550 due in thirty days, and defendant Dewey endorsed this note by writing his name on the back thereof. The defense of defendant Dewey is want of consideration to bind him on his endorsement. Defendant Todd had paid a part of the note, and the judgment is for the balance.

Plaintiff introduced the note and rested. Defendant Dewey was the only witness called. He testified that representing Mrs. Long he "went to Todd and got him to purchase her part of the business. He was to pay $650; that he was to pay her part cash and a note for the balance. That plaintiff wanted to arrange to get the money on the note at once; that she and defendant Dewey talked the matter over and he agreed to endorse the note for her so she could get the cash at the Miners Bank. So they got together and fixed up the trade, and according to agreement he had Todd bring around the note for his signature, which was given. That thereafter she did not use it at the bank, but made collections along on it from Todd till it was reduced to $325, and then Todd's business went to pieces and nothing more was paid."

Defendant Dewey was an accommodation endorser for the payee in the note, and not for the maker Todd, and this endorsement was made at the request of the payee, and not at the solicitation and request of Todd. Section 1974, Revised Statutes 1909, among other things provides that whenever a written contract for the payment of money is the foundation of an action, the proper party may prove the want or failure of consideration. By section 9999, Revised Statutes 1909, of our negotiable Instrument Law it is provided that absence or failure of consideration is a matter of defense as against any person not a holder in due course. Section 10000 Revised Statutes 1909, defines an accommodation party as one who has signed the instrument as a maker, drawer acceptor or endorser without receiving value therefor, and for the purpose of lending his name to some other person.

It is further provided in section 10000 that such person, that is an accomodation party, is liable on the instrument to a *holder for value,* not-withstanding such holder at the time of taking the instrument knew him to be an accommodation party. Section 9997, Revised Statutes 1909, defines a *holder for value* as follows: "Where value has at any time been given for the instrument the holder is deemed a holder for value in respect to all parties who become such prior to that time." Section 10034, Revised Statutes 1909, among other things provides that where a person not otherwise a party to an instrument places thereon his signature in blank before delivery he is liable as endorser in accordance with certain rules therein given, the third rule given, and the one pertinent here is: "If he signs for the accommodation of the payee, he is liable to all parties subsequent to the payee."

Defendant endorsed the note to accommodate the payee, that she might discount it at a bank, but the payee, the plaintiff, did not negotiate the note, but retained it. There is no pretense that defendant endorsed the note for any other purpose than to accommodate plaintiff hence there was no consideration moving from plaintiff to defendant. We think that our Negotiable Instrument Law to which we have referred, and from which we have quoted, clearly indicates that in a suit of the character here, that is, on a state of facts as here, cannot be maintained. The record does not disclose that any notice of dishonor was given defendant, and the facts do not bring him under any of the exceptions found in section 10085, Revised Statutes 1909, or any other section dispensing with notice. Plaintiff alleged that notice was given, but made no attempt to prove it. By reference to Overland Auto Co. v. Winters et al., 210 S. W. (Mo.) 1, it will be seen that failure to give notice under the facts here would defeat recovery by plaintiff.

The judgment below against defendant Dewey should be reversed and the cause remanded, and it is so ordered. *Sturgis, P. J.,* and *Farrington, J.,* concur.