Peoples State Bank of Hartville v. Hunter.

THE PEOPLES STATE BANK OF HARTVILLE, Respondent, v. GEORGE M. HUNTER, Appellant.

In the Springfield Court of Appeals, July 2, 1924.

1. **BILLS AND NOTES: Execution Imports Consideration and Makes Out Prima-Facie Case.** Where the execution of a note was admitted, it imported a consideration, in view of section 2160, Revised Statutes 1919, and made a prima-facie case in suit on the note, which could be overcome only on showing the note was without consideration.

2. **APPELLATE PRACTICE: Finding of Fact Binding on Appeal.** A finding of fact by the trial court, supported by evidence, is binding on appellate court.

3. **BILLS AND NOTES: Consideration: Defense of no Consideration for Note Held Not Conclusive.** Where defendant, bank cashier, voluntarily gave the bank his note to cover a shortage of the bank discovered by bank examiner, defendant contending the shortage was an error and that note was given merely to satisfy examiner until shortage corrected, *held,* in suit on note by bank's successor, defense of no consideration, that evidence of defendant did not sustain defense, since reduction of bank's surplus to make up shortage would have caused a loss to defendant, being an officer and owning stock in the bank.

4. ————: ————: **Loss to Payee Sufficient Consideration to Support Note.** A loss, detriment, or inconvenience to the payee of a note is a sufficient consideration to support it.

Appeal from the Circuit Court of Wright County.—*Hon. C. H. Skinker,* Judge.

AFFIRMED.

*Curtis & Vandeventer* for appellant.

(1) This note was without consideration. Absence of consideration is good defense on a promissory note, against anyone not a holder in due course. State ex rel. v. Bank, 187 S. W. 597, 598; R. S. 1919, sec. 815; Newburg Bank v. Heflin, 189 Mo. App. 292; R. S. 1919, sec. 844; 8 C. J., p. 747, sec. 1019; O'Day v. Annex Realty Co., 236 S. W. 22; Farmers Bank v. Harris, 250 S. W. 946. (2) Plaintiff is not a holder in due course. The note was not indorsed and was assigned after maturity. R. S. 1919, secs. 817, 835; Long v. Shafer, 185 Mo. App. 641; R. S. 1919, secs. 844, 839; 8 C. J. 477, sec. 2. (3) A plea of estoppel to be sufficient must plead the facts and elements of estoppel. Gillen v. Ins. Co., 161 S. W. 673; Osburn v. Court of Honor, 152 Mo. App. 661.

*E. L. Rayborn* and *N. J. Craig* for respondent.

(1) The court did not err in finding the issues for plaintiff for the reason that the note sued on was supported by a sufficient consideration. Any benefit, profit or advantage to the promisor or any loss, detriment or inconvenience to the promisee is a sufficient consideration to support a note. 8 C. J. 212, sec. 347; Nelson v. Diffenderfer, 178 Mo. App. 48; Williams v. Jensen, 75 Mo. 681; German v. Gilbert, 83 Mo. App. 441. (2) The enhancement of the value of a bank stockholder's stock is a sufficient consideration to support a note given by the stockholder to the bank. First Natl. Bank v. Henry, 202 S. W. 281; Union Bank of Brooklyn v. Sullivan, 214 N. Y. 332, 108 N. E. 558. (3) A release from a liability already incurred is a sufficient consideration for a note. (4) The maker of a note will not be permitted to prove that though he executed the note it was at the time agreed that he need not pay it. Third Natl. Bank v. Reichert, 101 Mo. App. 242; Bass v. Sanborn, 119 Mo. App. 103. (5) An accommodation maker of a note is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party. R. S. 1919, sec. 816; Moffatt v. Greene, 149 Mo. 48.

FARRINGTON, J.—This is an action on a promissory note by the Peoples State Bank, Assignee of the Bank of Hartville, the payee in said instrument. In answer to the petition the defendant avers that the note was given without any consideration therefor, all of which was well known by the officers of plaintiff bank, and that they were not purchasers for value and without notice, and took said note subject to the equities between the original parties..

Defendant's evidence tends to show that Bank Examiner Beam examined the Bank of Hartville in April, 1920, and on his examination being completed reported a shortage of $1888.56. Defendant was at the time cashier of the Bank of Hartville. He was ordered by the Examiner to charge off the amount or fix it in some way. There was at the time approximately $20,000 in the surplus fund. Defendant contended that there was no shortage but that said discrepancy was an error in bookkeeping or in the notes re-discounted at the McDaniel National Bank at Springfield, and that to make the books balance until the error could be discovered and the surplus undisturbed, defendant executed the note sued upon and placed it in the bank pending his investigation of the matter. His testimony shows that this was not done at the request of any officer or stockholder of the bank but of his own volition to satisfy the State Banking Department, and merely as a temporary arrangement pending his investigation. The directors and stockholders of the Bank of Hartville had full knowledge of the matter. The note was dated May 4, 1920, and was payable on demand. No interest was ever paid on it but was marked paid so it would not show overdue on the books.

On the 26th day of March, 1921, the Bank of Hartville was closed by the State Banking Department and the note sued on was still in the bank. A reorganization, or rather the organization of another bank was effected in a short time and a contract was entered into by the directors of the Bank of Hartville and the Peoples State Bank, the new bank, and the plaintiff here, by which the

plaintiff was to assume the liabilities of the old bank and in consideration thereof was to have certain securities of the Bank of Hartville. In the contract there wore also some notes listed in a paper attached which were to be in trust for the Bank of Hartville. Two trustees were appointed, one being the president of plaintiff bank and a witness used by plaintiff at the trial. The trustees were to collect these notes or get them secured. The Peoples State Bank had the privilege of exchanging any of the notes it took over for any of the notes in the trustees' fund within a period of three years after the date of the contract. The note sued upon was placed in the trustees' fund. In August, 1921, it was taken in exchange by plaintiff herein without any endorsement. Defendant testified that he told the president of plaintiff bank about how the note was made even before the Bank of Hartville closed. The Bank Examiner was informed of the matter and knew that the note was given to take up the alleged shortage. It was reported to the banking department in the list of notes owned by officers of the bank.

Defendant was never asked to put the note in the bank but did so of his own volition after the Bank Examiner had told him to do something to make up the shortage. The contract of liquidation was drawn up by the Bank Examiner and the directors of the Bank of Hartville had nothing to do with it except to sign it. The note was never endorsed by the payee therein. There was no warranty of its genuineness and it was taken over by the Peoples State Bank long after it was due and after the bank knew that plaintiff executed the note to take the place of notes which the Bank Examiner found the bank to be short.

Nearly eleven months after this note was made, it having been in the Bank of Hartville, the defendant and other stockholders, officers and directors made the contract of March 25, 1921, in which he makes this statement: "That in addition to the assets and paper turned over by the Bank of Hartville to the Peoples State Bank,

there remains uncollected paper and obligations due said bank, a list of which is hereto attached, marked "Exhibit A," and the note in suit was one of the uncollected notes and "obligations due said bank."

The trial court, sitting as a jury, found the issues against the defendant and gave judgment for plaintiff. He appeals, relying on the ground that the note was without consideration, and that this defense could be made in the hands of this plaintiff who is not a holder in due course. No instructions were asked or given, and as the defense of failure of consideration places the burden on defendant he is in the position of saying to this court that the evidence conclusively shows the failure of consideration. The execution of the note sued on was admitted; it therefore imported a consideration. [Section 2160, R. S. 1919.] The admitted note made a prima-facie case for plaintiff which could be overcome only on a showing to be made by defendant that the note was without consideration. It may be conceded, as contended by appellant, this note in the hands of the plaintiff was not a negotiable instrument. [Section 817, R. S. 1919; Long v. Shafer, 185 Mo. App. 641, 171 S. W. 690, affirmed in Long v. Mason, 273 Mo. 266, 200 S. W. 1062.]

It may also be conceded that the plaintiff, through its officers, had knowledge of the circumstances under which the note was made (Citizens Bank of Senath v. Douglass, 178 Mo. App. l. c. 687, 161 S. W. 601; Citizens' Trust Co. v. Coppage et al., 227 S. W. l. c. 1059), and that the plaintiff here took it subject to the equities existing between the original parties. [Sec. 844, R. S. 1919.] It may, also, be conceded that because the note was payable on demand and was not turned over to plaintiff until long after it was made that it was not a holder in due course. [Sec. 839, R. S. 1919.] Yet the fact remains that plaintiff has made a prima-facie case which can only be overturned by defendant carrying the burden in showing that the note was given without any consideration. There is no charge of fraud in the inception of this note. [See Hill v. Dillon, 176 Mo. App. 192,

161 S. W. 881; Bank of Polk v. Wood, 189 Mo. App. 62, 173 S. W. 1093; Downs v. Horton, 209 S. W. 595, affirmed in 230 S. W. 103.]

The trial court, after hearing defendant's evidence giving the circumstances under which the note was made, found that he failed to make out a sufficient case to overcome the prima-facie case made by the note. That finding is one of fact which is binding on this court. It might well be argued that the undisputed evidence showed that the note was given for a valuable consideration. Here we have the cashier of a bank who is given the custody of the bank's property and it is found by the State Bank Examiner that the funds of the bank are short $1880.57, and is told by the Examiner that something must be done to make that shortage good. The cashier is the managing officer and a stockholder of the bank. Unless the shortage is supplied he knows that the State Banking Department will make the bank lower the amount of its surplus, which is $20,000. He was unable to show the examiner where the shortage was. He says himself that he made the note to take the place of the shortage until it could be found, and although he was in charge of the bank for nearly eleven months after the note was made he never found the shortage, and in fact on the trial of this case he offered no evidence to show that the shortage was merely the result of an error in bookkeeping.

When the bank closed in March, 1921, he signed a contract reciting that this note was an ''obligation due said bank.'' With all of this testimony it certainly cannot be said that the court made the finding it did without evidence to support it.

A loss, detriment or inconvenience to the payee of a note is a sufficient consideration to support it. [Nelson v. Diffenderffer, 178 Mo. App. 48, 163 S. W. 271.] He knew unless the State Banking Department was satisfied concerning this shortage his bank would be required to reduce the amount of its shown surplus. To reduce the surplus of a bank tends to impair its credit, and with impaired credit the stock of a bank, some of which he per-

sonally owned, would suffer loss. There is respectable authority holding this furnishes a sufficient consideration for a note given to take the place of a deficit in a bank's capital and surplus. [Union Bank of Brooklyn v. Sullivan et al., 108 N. E. 558.]

The issue in this case, however, is one of fact, and the trial court having sufficient evidence upon which to base the finding it made, concludes the matter, and the judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.