LOUIS B. GILLIHAN, ADMINISTRATOR, OF ESTATE OF W. T. McDONALD, DECEASED, v. J. J. ASSEL.—186 S. W. (2d) 772.

Kansas City Court of Appeals. April 2, 1945.

*John J. Robison* for appellant.

*William Barbieri, Cross & Cross, White & Hall* for respondent.

CAVE, J.—This is an action originally instituted by W. T. McDonald upon two promissory notes. During the pendency of the suit McDonald died and the cause was revived and continued by his administrator, the appellant. The notes were for $850 and $1380, respectively; they were dated September 6, 1932, due six months after date and were executed by Frank and Addie Assel, payable to the Farmers Bank, Santa Rosa, Missouri. Defendant, (respondent), had endorsed each note on the back thereof. Before judgment, the cause was dismissed as to Frank and Addie Assel, leaving J. J. Assel the only defendant. His answer alleged he was an accommodation endorser and not liable. A jury was waived and, trial by the court, sitting as a jury, resulting in a judgment for defendant (respondent), J. J. Assel. Plaintiff appealed.

Appellant makes two assignments of error: (a) There was no credible evidence to support the judgment; (b) defendant's evidence

affirmatively proves he was not an accommodation endorser but was an endorser for a consideration and, therefore, primarily liable.

The evidence discloses that for many years prior to September, 1932, the Farmers Bank of Santa Rosa was a banking institution, doing a banking business in that community, and that respondent, J. J. Assel, was at that time, and had been for a number of years, president, a stockholder and director of the bank. Frank and Addie Assel had been customers of the bank for a number of years, and on September 6, 1932, executed their above mentioned notes to the bank. Shortly thereafter, the Farmers Bank needed to borrow money to carry on its business. It sought a loan from a St. Joseph and a Kansas City bank, and submitted to such banking institutions certain of its notes, some of which were secured by chattel mortgage or otherwise. Among the notes submitted were the two in suit. The St. Joseph and Kansas City banks advised the Farmers Bank that they would not accept these two notes as collateral unless they were endorsed by J. J. Assel. Whereupon, with the knowledge and consent of the other officers and directors of the Farmers Bank, he endorsed said notes, and the two banks loaned to the Farmers Bank the amount of money desired and held these two notes, together with others, as collateral for such loans.

On October 31, 1932, the Farmers Bank closed and its assets taken over by the State Finance Commissioner for liquidation. In due time the liquidator paid to the St. Joseph and Kansas City banks the amount of their debt and received from them all the collateral which had been originally given to secure such debts, among which were the two notes in suit. Respondent promptly advised the liquidator of the facts and circumstances concerning his endorsement of the two notes. About five years later the Finance Commissioner proceeded, under an order of sale authorized by the Circuit Court of DeKalb County, to sell at public auction all assets of the Farmers Bank remaining in his hands at that time, which included these two notes. At this sale, plaintiff, W. T. McDonald, purchased these and many other notes, which were endorsed to him by the liquidator. At that sale respondent announced publicly that he was not liable on the notes because he was an accommodation endorser and would resist payment.

There is evidence to the effect that on July 5th to 7th, 1932, the Farmers Bank was examined by a State Bank Examiner and his report recites that at that time Frank and Addie Assel owed the Farmers Bank two notes, one of $850 and the other $1380, and that J. J. Assel was endorser of both notes. J. J. Assel denied that he had endorsed any notes for Frank and Addie prior to the time of the demand of the St. Joseph and Kansas City banks. The cashier testified no such endorsements had been made and produced the discount ledger of the bank where such records were customarily kept and it

did not show such endorsement. He also testified that he prepared the two notes in suit and that J. J. Assel did not sign them at the time Frank and Addie did but later on at the request of the St. Joseph and Kansas City banks.

Frank Assel testified that when he borrowed the money from the Farmers Bank no security was requested, other than that his wife, Addie, sign the note with him and that neither he nor his wife ever requested J. J. Assel to endorse the notes to enhance their credit. Addie Assel was dead at the time of the trial.

Appellant first argues that there is no credible evidence that respondent had not endorsed these notes before they came into the Farmers Bank. In other words, he contends, respondent was an endorser for the original makers and not merely an accommodation endorser for the payee bank in order to secure loans from other banks. We think there is substantial evidence from which the trial court could find that respondent had not endorsed the notes for the original makers, but that his endorsement was secured for the benefit of the payee bank in securing loans from the St. Joseph and Kansas City banks. The evidence was conflicting but the finding of the trial court, being supported by substantial evidence, is conclusive on us so far as appellant's first assigned error is concerned.

However, his principal contention presents a more serious question; it is, ". . . an officer of an institution cannot lend his name to secure credit for such institution, and restore its capital so that it may operate, when otherwise it would be required to close, and upon its subsequent closing, permit the institution to pay the debt, and escape upon the grounds of accommodation endorser for payee, . . . " The burden of appellant's argument under this point is that since J. J. Assel was the president, a stockholder and director of the Farmers Bank at the time he endorsed these notes, together with the fact that the bank was in financial difficulties and would be compelled to close, if it could not secure loans from the St. Joseph and Kansas City banks, thereby impairing, if not destroying, the value of defendant's stock, there was a sufficient consideration for his endorsement.

It is conceded that plaintiff, W. T. McDonald, acquired no greater right than the Farmers Bank had. This being true, we approach the solution of the question from the same standpoint as if the Farmers Bank, payee in the note, had sued respondent.

As we have said, the evidence would support a finding by the trial court that the notes sued on were originally executed by Frank and Addie Assel for money loaned to them by the Farmers Bank and became assets of the bank; that thereafter, the bank, the payee in the notes, desired to borrow money from other banks and secure such loans by pledging some of its assets as collateral, among which were these notes. That it did borrow money from such other banks and pledged certain of its assets as security therefor, but before the lending

banks would accept the notes sued on as part of the assets assigned, they required that the respondent endorse the notes; he did so and the loans were made. Respondent received no part of the loans; it all went to increase the cash reserve of the Farmers Bank.

Under such circumstances, respondent became an accommodation endorser for the payee, Farmers Bank, and not for the makers of the notes. So the effect of this suit is that the accommodated party, the payee, is seeking to recover from the accommodation party or endorser. Under such facts it is uniformly held that want of consideration is a good defense. [Long v. Todd, 226 S. W. 262, 263; First National Bank and Trust Co. v. Limpp, 288 S. W. 957, 958; Peoples Bank v. Yager, 6 S. W. (2d) 633.] In the last cited case this court considered the law on this question at considerable length, and we quote briefly from that opinion (634):

"Defendant's evidence, if true, shows that she signed the note as an accommodation for plaintiff bank, payee of the note. The jury so found, and that finding is binding on us, and we must proceed on the theory that defendant signed the note for the accommodation of plaintiff. Proceeding on this theory, the question is whether or not evidence that defendant signed the note for the accommodation of plaintiff bank is evidence of want or lack of consideration between defendant, the accommodation party, and the bank, the party accommodated. The law on this subject is well stated in 8 C. J. 259, 260, from which Bland, J., quoted approvingly on the former hearing of this case, as follows:

" 'The party for whose benefit accommodation paper has been made acquires no rights against the accommodation party who may set up the want of consideration as a defense to an action by the accommodated party, since as between them there is no consideration, a fact which is always a defense to a suit on negotiable paper between the immediate parties. . . .' "

In the very recent case of Davis v. Holt, 154 S. W. (2d) 595, under a set of facts very similar to those in this case, we held that the officers, who endorsed a note which was an asset of the payee bank in order that the bank might borrow money thereon, were accommodation endorsers, an when they were compelled to pay the debt of the lending bank they were then entitled to recover from the payee bank, the accommodated party. The principles of law announced there seem decisive of the issues under consideration. In the present case if the St. Joseph or Kansas City bank had sued respondent on his endorsement, he would have been liable, and if he had paid the judgment, he would have been entitled to recover that amount from the accommodated party, the Farmers Bank. [Davis v. Holt, *supra*; 11 C. J. S. Bills and Notes, Sec. 750; Union National Bank v. Lyons, 220 Mo. 538.]

Appellant cites a number of cases from other states, and the following three from Missouri: [First National Bank v. Henry, 202 S. W. 281; Peoples Bank of Hartville v. Hunter, 216 Mo. App. 334, 264 S. W. 54, and Holland Banking Co. v. Griggs et al. (Mo.), 19 S. W. (2d) 290.] In First National Bank v. Henry, the opinion discloses that the stockholders of a bank formed a separate corporation to take title to certain real estate, of questionable value, formerly held by the bank. All the stockholders agreed to participate in the real estate company to the extent of their bank stock holdings, and in order to carry out her agreement the defendant borrowed the necessary money from the plaintiff bank. In an action on the note the court found that she was not an accommodation endorser, but had in fact received the money from the bank with which to purchase her interest in the realty company. Since the bank had loaned the money to her on the strength of her note, it had given consideration and was entitled to payment. There are other distinguishing facts which need not be detailed.

In Peoples State Bank of Hartville v. Hunter, *supra*, the evidence discloses that the defendant was in active charge of the Bank of Hartville and was short in his accounts. The shortage being discovered by the State Bank Examiner, defendant executed his note, payable to that bank, to cover the shortage. He continued in charge of the bank's affairs for some eleven months, during which time he listed his note as an asset of the bank and transferred it, with other notes, to a new bank, the plaintiff, which took over all assets of the old bank. In a suit on the note he claimed that the note was without consideration since the shortage was merely the result of an error in bookkeeping. The court expressly pointed out that he offered no evidence whatever to support his defense, saying, l. c. 55: "Although he was in charge of the bank for nearly eleven months after the note was made, he never found the shortage, and in fact on the trial of this case he offered no evidence to show that the shortage was merely the result of an error in bookkeeping." This case is not in point.

In Holland Banking Co. v. Griggs et al., the defendants were directors of the Dade County Bank and they borrowed $35000 from the Holland Banking Company on their personal note in order to keep the Dade County Bank open. In an action on the note *by the Holland Banking Company*, it was held that defendants were not accommodation makers since the Holland Bank had made the loan in reliance upon their responsibility. They had given their note to the suing bank which advanced its money thereon, the same position in which the St. Joseph and Kansas City banks would have been in if they had sued respondent.

The cases cited from other states, can be found in 95 A. L. R. 534. Those cases generally present a situation where the claimed accommodation endorser gave his note to the suing bank for the purpose of

34

covering shortages or to remove from the bank questionable assets which had been criticized or ordered removed by bank examining officials. The evidence in the present case clearly distinguishes it from the foreign cases. None of the cases relied on by appellant present a situation where the *accommodated party* is suing the *accommodation party*.

No declarations of law were asked or given.

We conclude the evidence presented a question of fact to be tried and determined by the trier of the facts, and his finding on conflicting evidence is conclusive on us.

It follows the judgment should be affirmed. It is so ordered. All concur.