**Erwin BAUM, Plaintiff-Respondent,**

v.

**Ralph ABEL, Defendant-Appellant.**

No. 31535.

St. Louis Court of Appeals.

Missouri.

May 19, 1964.

Cook, Murphy, Lance & English, Milford T. English, Gerald J. Zafft, St. Louis, for defendant-appellant.

Husch, Eppenberger, Donohue, Elson & Jones, Martin Schiff, Jr., St. Louis, for plaintiff-respondent.

DOERNER, Commissioner.

This jury-waived case involves, in separate counts, two promissory notes, one of which is for $5500 and the other for $1440. Defendant admitted execution of the notes but alleged lack of consideration as an affirmative defense. Judgment below was for plaintiff for the principal amount of each note, together with interest thereon, and defendant appealed.

To sustain his burden plaintiff introduced the notes in evidence, and then called defendant to the stand as an adverse witness,

under the provisions of Section 491.030, RSMo 1959, V.A.M.S. Defendant admitted that he had signed the notes, that no payment had ever been made on either one, and that by a letter he had promised to pay plaintiff as soon as he obtained some money. Plaintiff also developed from defendant that defendant had been a major stockholder, the president, and a co-managing officer of a since-defunct corporation named Spanco Steel Building & Supply Co. The remainder of plaintiff's examination of defendant was devoted to matters involved in Counts 3 and 4 of his petition, dismissed by plaintiff at the close of his case, which are now immaterial.

Defendant was then nominally cross-examined by his own counsel. Under such interrogation defendant testified that when each of the notes was executed, some months apart, plaintiff gave him a check for the money loaned, which checks were made payable to him; that in the case of the $5500 note the check was for $5000, which he endorsed and deposited in Spanco's bank account; and that in the case of the $1440 note he cashed the check and used the proceeds to defray the attendance of six representatives of Spanco, including himself, at the annual show of the National Association of Home Builders held in Chicago. Defendant further testified that he did not personally retain or use any of the money received on either loan; that all of the proceeds were used for Spanco's corporate purposes; and that before each of the notes was executed he informed plaintiff that the money was to be used for the furtherance of the corporation.

Plaintiff did not take the stand, nor did he introduce any evidence controverting that given by defendant on cross-examination.

■ Defendant's principal point here, as it was below, is lack of consideration because he did not retain or personally use the money loaned. In that connection defendant argues that since plaintiff called him to the stand, and since there was no evidence which controverted his testimony that he did not retain any of the money for his own use, plaintiff is bound by such testimony. It is undoubtedly the rule that a party is bound by the uncontradicted testimony of his adversary which *he* introduces. Klotsch v. P. F. Collier & Son Corp., 349 Mo. 40, 159 S.W.2d 589; Draper v. Louisville & N. R. Co., 348 Mo. 886, 156 S.W.2d 626; Orlann v. Laederich, 338 Mo. 783, 92 S.W.2d 190. But the party is only bound, if at all, by his adversary's testimony which he himself offers and vouches for as the truth. Lolordo v. Lacy, 337 Mo. 1097, 88 S.W.2d 353; Missouri Cafeteria v. McVey, 362 Mo. 583, 242 S.W.2d 549. When defendant was cross-examined by his counsel he became a witness in his own behalf, and whatever he may have said was in no way binding on plaintiff. Shepard v. Harris, Mo., 329 S.W.2d 1; Contestible v. Brookshire, Mo., 355 S.W.2d 36, cert. den., 371 U.S. 68, 83 S.Ct. 155, 9 L.Ed.2d 119.

■ Furthermore, defendant's contention that plaintiff was bound by his testimony is beside the point. This for the reason that his testimony, even if it is accepted at full value, did not sustain his defense of lack of consideration. Defendant contends that he was an accommodation party, and that he is not liable on the notes because he did not retain his money loaned but turned it over to Spanco. Since plaintiff loaned and paid the money to defendant we seriously doubt that defendant was an accommodation party. Section 401.028, RSMo 1959, V.A.M.S. But if he was, the party accommodated was Spanco, defendant's corporation, not the plaintiff. Had plaintiff paid the money directly to Spanco at defendant's request defendant would nevertheless be liable on the notes. For under such circumstances the rule is that there is no necessity of a consideration moving to an accommodation party, where the consideration moves to the party accommodated. Schulte Transportation Co. v. Hewitt, Mo.App., 299 S.W.2d 568; First National Bank of Hamilton v. Fulton, Mo. App., 28 S.W.2d 368.

Defendant apparently believes that there was no consideration which would support his liability on the notes because he did not retain the money loaned. That is an erroneous concept of what constitutes consideration. As was said in Thompson v. McCune, 333 Mo. 758, 63 S.W. 2d 41, 43:

" * * * A consideration for a contract may be shown by proving a loss or some detriment to the promisee as well as by showing a benefit to the promisor. Starr v. Crenshaw, 279 Mo. 344, 213 S.W. 811; Nelson v. Diffenderffer, 178 Mo.App. 48, 163 S.W. 271; People's State Bank v. Hunter, 216 Mo. App. 334, 339, 264 S.W. 54. It is well settled that when a person interested in a firm, a corporation, or business enterprise as a partner or stockholder gives his individual note for money loaned or advanced to such firm, corporation, or business, such note is not without consideration. The furnishing of the money to the firm, corporation, or business in which the maker of the note has an interest itself furnishes a consideration. Holland Banking Co. v. Griggs, 323 Mo. 289, 295, 19 S.W.2d 290, 292; First National Bank v. Henry (Mo.App.) 202 S.W. 281; People's State Bank v. Hunter, 216 Mo.App. 334, 264 S.W. 54. Under such facts there is both a consideration by way of detriment to the payee or person furnishing the money as well as a benefit to the promisor."

Each of the two notes on its face was a completely executed instrument, and " * * * is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value." Section 401.024, RSMo 1959, V.A. M.S. The burden was on defendant to show the absence or failure of consideration. Popovsky v. Griwach, 361 Mo. 1120, 238 S. W.2d 363; Thompson v. McCune, supra. Defendant failed to carry that burden, and the judgment should therefore be affirmed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.