James L. SLOAN, Respondent,

v.

Joan PARIS, Appellant.

No. KCD 27919.

Missouri Court of Appeals, Kansas City District.

Aug. 30, 1976.

James S. Cottingham, John M. Gibson, Independence, for appellant.

George E. Kapke, Joe F. Willerth, Piedimonte & Cochran, Independence, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

The respondent-plaintiff (hereafter Sloan) recovered judgment on a promissory note wherein the appellant-defendant (hereafter Paris) was a co-maker with her former husband, now deceased, in a court-tried suit. Sloan's petition is in conventional form.

The note, by its terms, was dated December 6, 1967, in the face amount of $22,-000.00, payable $500.00 per month beginning December 10, 1967, with interest at the rate of 6% per annum, to be deducted from each such payment and the balance of each such payment to be applied to the principal. It further provided for the additional payment of 15% as attorney's fees in the event it became necessary to employ counsel to effect its collection.

Paris, in her first amended answer, coupled a general denial with the affirmative

defenses that if she "truly" signed the note it was obtained through fraud and misrepresentation; that there was no consideration for the note; and, that Sloan failed to file a claim against the estate of Gene Paris, her deceased husband, during the administration of his estate in the probate court.

The only evidence offered at the trial October 22, 1974, aside from the promissory note, was the testimony of Sloan, the payee thereunder, and Paris, the surviving payor-maker.

Sloan testified that prior to May 10, 1967, he was the owner of the Sloan Chemical Company located in Kansas City, Missouri, engaged in selling maintenance and janitor supplies and chemical equipment; that Gene Paris had been employed by that company as sales manager; and, that in May of 1967, he agreed to sell the inventory, business equipment and good will of the Sloan Chemical Company to Gene Paris and his wife, Joan Paris. He further testified that the sales price for the business included the assumption by the Parises of some outstanding accounts payable and the execution by them of a promissory note for the balance of the sales price, such note to be payable at the rate of $1,000.00 per month. He could not recall the exact principal amount of the original note, but testified the sale price of the business was $27,-000.00. On another occasion during the trial, he stated the sale price was $30,000.00 net to him. In the fall of 1967, Gene Paris was having difficulties making the monthly payments and Sloan agreed that a new note would be executed by the Parises in the amount of $22,000.00, payable at $500.00 per month. In accordance with this agreement, the note which is the basis for this suit was executed by Gene and Joan Paris in his presence.

Sloan stated that since December 6, 1967, he had received from the Parises a monthly payment two or three times, and then only minor amounts in payment on the note, which, coupled with some small accounts receivable paid directly to him after the sale, kept the interest paid "approximately"; that since June of 1970, the month of

Gene Paris' death, he had received no payments on the note; that the principal amount due was $22,000.00 plus interest, and that both before and after Gene Paris' death, he had made repeated demands for payment. He did not file any claim on the note against Gene Paris' estate.

Sloan stated that both Gene and Joan Paris had signed the purchase contract for the business in his presence, although he had not brought this contract to the trial. Neither had he brought his business records as to the payments made to him on the purchase price, although he believed the last payment on the note was in October or November, 1969.

He also testified that Paris, as his sales manager, knew as much about the company's operation as he did, and had free access to the books, profit and loss statements, and business records. Joan Paris also worked in the office on occasions and also made some sales on commission.

Paris identified the promissory note and admitted that she and her husband signed it on December 6, 1967, but she did not remember signing the original purchase contract or note and had been unable to locate copies in her records. She testified from her records that the following payments and credits had been made against the note in suit: December, 1967, $500.00; February, 1968, $500.00; March, 1968, $500.00; April, 1968, $1000.00; August, 1968, $500.00; October, 1968, $500.00; November, 1968, $500.00; and additional credits of $339.20 and $312.16 (apparently for accounts payable collected by Sloan) for a total of $4,651.45. She further stated that in February or March, 1969, her husband, Gene Paris, told Sloan in her presence that he had paid enough for the business and was not going to pay any more money.

She stated that at the time of the negotiations for the purchase of the business, Sloan stated that he "was expecting" Paris could make $25,000.00 net per year from the business; that, "I believe Mr. Sloan represented that"; and "he made it sound like it was there to be made". She further stated that she had done some bookkeeping for the

company and answered telephones in the office.

The court below entered judgment in favor of Sloan on the principal of the note in the amount of $17,348.55 ($22,000.00 less the full amount claimed by Paris to have been paid upon or credited to the note amounting to $4,651.45), plus $8,737.25 interest, and $3,912.87 attorney's fee, and for costs.

Paris filed a motion for a new trial, which was never ruled on by the trial court, and this appeal followed.

Neither party requested nor did the court below make specific findings of fact and conclusions of law.

The issues remaining in this case on appeal require definition. It is noted that Paris has abandoned any claim of fraud or misrepresentation in the sale of the business by Sloan to the Parises; any question as to the execution of the note; the claim of failure of consideration; and, her defense of Sloan's failure to file a claim in the probate court during the administration of her husband's estate.

In her Reply Brief filed herein, she states:

"While Defendant-Appellant disagrees with the Trial Court's finding that Plaintiff-Respondent's fraud was not established and that consideration for the subject business transaction had not failed, *Defendant-Appellant does not base her appeal on those points.* Nor is it disputed that a promissory note was executed on the 6th day of December, 1967 in the amount of $22,000.00 and that she signed this note realizing that $22,000.00 appeared as its value. * * * *These matters are not at issue* and need not be discussed." (Emphasis supplied)

■ Likewise, she has never urged upon this appeal her pleaded defense as to Sloan's failure to file a claim on the note in the probate court and thus has abandoned such defense. Indeed, this alleged failure of Sloan would constitute no defense since she was a surviving co-maker of the note and as such, is primarily liable on the note. *Burns v. Webber,* 399 S.W.2d 446, 448[1, 2]

(Mo.App.1966). See also, *Citizens Trust Co. v. Ward,* 195 Mo.App. 223, 190 S.W.2d 364, 367[6] (1916).

■ From a study of the record and briefs on this appeal, the position of Paris and the basis of her request for a reversal of the judgment may be thus summarized: She assigns error below because the face amount (consideration or value) of the note of $22,000.00 was not the amount of the Paris indebtedness to Sloan on December 6, 1967; that it was "mathematically impossible" that this amount was due on the purchase price on that date; and, that, in any event, the court erred in the computation of interest and attorney's fees.

It is true that the record evidence in the trial below fell far short of a full exposition of the Paris-Sloan transactions on and subsequent to May 10, 1967. There was, however, substantial evidence upon which the court below could properly find that the principal balance of the indebtedness due from the Parises to Sloan on December 6, 1967 was $22,000.00.

Sloan testified that the purchase price of the business on May 10, 1967 was "around" $27,000.00 or $30,000.00; that payments had been made thereon and credits given thereon prior to December 6, 1967; and, that the note in suit represented unpaid principal plus interest.

Paris testified that she did not remember executing the original purchase contract or the original note, but unequivocally admitted the execution of the $22,000.00 note in suit with full knowledge of its terms. She further testified, as follows:

"Q. Now will you tell me again what was the total amount that you and your husband paid to Mr. Sloan *on this note* * * *

A. The total amount we paid Mr. Sloan—

Q. *On this note.*

A. All right. *On this note* with (sic) the amounts that I just gave you.

Q. So that would be a *total* of approximately $4650.00?

A. *Yes.*" (Emphasis supplied)

An additional factor is persuasive in support of the judgment below.

For many years, a statutory presumption, bolstered by many appellate decisions, existed, that every negotiable instrument was *prima facie* deemed to have been issued for a valuable consideration and a signer thereof to have become a party thereto for value. Section 401.024 RSMo 1959; *Baum v. Abel*, 379 S.W.2d 164, 166[6, 7] (Mo.App.1964); *Moore v. Dickerson*, 137 S.W.2d 495, 496[2] (Mo.App.1940); *Vandivort v. Dodds Truck Lines, Inc.*, 444 S.W.2d 229, 230–231[3] (Mo. App.1969); *Fitzgibbon Discount Corporation v. Hatchett*, 427 S.W.2d 786, 789[5] (Mo.App.1968).

■ While the case at bar is governed by the Uniform Commercial Code (U.C.C.), effective in Missouri July 1, 1965, and while the UCC does not specifically incorporate the above statute on presumption, Section 401.024, the principle of such section and the decisions recognizing such presumption remain the law in this state.

Section 400.3–408 RSMo 1969 (UCC) provides in part:

"Consideration

Want or failure-of consideration is a defense as against any person not having the rights of a holder in due course (section 400.3–305), except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind. * * *"

Research has disclosed no decision interpreting this section nor delineating its effect upon the *prima facie* presumption of consideration and value rule under Section 401.024 RSMo, supra, and the former decisions under that statute. However, the annotations under Section 400.3–408 contain the Comment, "This section is basically a restatement of prior law."

Section 400.1–103 RSMo 1969 (UCC) provides, in part:

"Unless displaced by the particular provisions of this chapter, *the principles of law and equity*, including the law merchant and the law relative to capacity to con-

tract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, *or other validating or invalidating cause shall supplement its provisions.*" (Emphasis supplied)

■ Sloan identified the note here involved and it was admitted into evidence. He was required to go no further to establish the presumption of consideration and value. As above noted, Paris admitted its execution but stood on the position that this note had been partially paid, an affirmative defense, placing the burden of proof upon her to prove such payment. This burden she assumed and successfully proved the payments made after December 6, 1967, but she offered no substantial proof of her right to credit on the note in suit for any payments which may have been made prior to that date. Her testimony on this point was vague, fragmentary, unconvincing and of little, if any probative value. She made no attempt by means of discovery or compulsory process, or other means, to develop the evidentiary facts upon which her claim in this area rested, and thus failed to meet her burden of proof. The trial court properly gave her credit for all amounts to which she was entitled. Paris' Points I and II on this appeal are ruled against her.

Paris' Point III is meritorious. She asserts that the court erred in its mathematical computation of the judgment, after allowing her credit for the $4,651.45 which her undisputed evidence showed was paid on the $22,000.00, in the amounts of interest and attorney's fees awarded. The note sued on, in pertinent part, is in the following terms:

"$22,000.00 KANSAS CITY, MO. December 6, 1967

FOR VALUE RECEIVED, the undersigned jointly and severally, promise to pay to the order of James L. Sloan the sum of Twenty two thousand and 00/100 Dollars in the following installments * ' ˮ:

$500.00 on the 10th day of December, 1967 and $500.00 on the 10th day of each succeeding month thereafter with interest at the rate of 6% per annum to be deducted from each payment, the balance of each payment to be applied to the principal. ' ' * "

Further, the note provided for the payment of costs "and 15% attorney's fees", in judicial proceedings to collect the note.

The court below entered its judgment upon the following computation:

| | |
|---|---|
| Principal of Note | $22,000.00 |
| Credit for all payments by Paris | 4,651.45 |
| Balance due—1968 | $17,348.55 |
| Interest at 6% compounded 1968 through 1974 | 8,737.27 |
| Principal and Interest due 1/1/75 | $26,085.82 |
| 15% Attorney's fee | 3,917.87[*] |
| | $30,003.69 |

It is obvious that in so doing, the court awarded Sloan compound interest at 6% for the years 1968 through 1974. Under the facts here revealed, this was improper.

There is a Missouri statute, first adopted in 1845, controlling today, substantially unchanged since its first enactment and undisturbed by the adoption of the Uniform Commercial Code, Section 408.080 RSMo 1969, which states, in pertinent part:

"*Parties may contract, in writing*, for the payment of interest upon interest; * * (Emphasis supplied)

■ The courts of this state adhere to this principle, that interest on a promissory note (or other contractual obligation) may not be compounded in the absence of an agreement that interest is to be computed in that manner. *Stoner v. Evans*, 38 Mo. 461 (1866); *St. Louis Gas-Light Company v. City of St. Louis*, 11 Mo.App. 55, 78 (1881); *Tynes v. Terrill*, 19 S.W.2d 505, 506[1] (Mo. App.1929); *Edwards v. Northwestern Mutual Life Insurance Company*, 183 S.W.2d 359, 363[3] (Mo.App.1944); 45 Am.Jur.2d, Interest and Usury, Section 83, pp. 74–75.

An example of such a contractual agreement, held to justify compound interest, is found in *State ex rel. Northwestern Mutual Life Insurance Company v. Bland*, 354 Mo. 391, 189 S.W.2d 542, 547–548[19–20] (Mo. banc 1945), quashing the opinion in *Edwards*, supra, on other grounds, where the document involved expressly provided:

"* * * in case of the non-payment of any interest on said loan as above provided, such interest shall be added to and become a part of the principal of said loan and shall bear interest at the rate aforesaid."

■ The promissory note involved in this action contains no such express provision for compound interest. On the contrary, it provides that each payment shall be applied first to accrued interest and the balance of such payment to be applied to reduce the principal. Simple interest at 6% is all that can be charged against the co-maker, Paris.

Paris testified from her business records as to the amounts paid or credited against her note, giving the year and month of such payments, but not the exact dates. For the purposes of this suit, it can be properly assumed that such payments or credits, as were made, were made on the date of the month (10th) as provided in the note, without doing violence to the rights of either party. Paris was unable to account for the payment or credit in the amount of $339.29, except that it was applicable to the note in 1968. There was no objection or evidence to the contrary so it is properly included in the calculations for that year. Accordingly, the computation on the note, supported by competent evidence, and amenable to the applicable law, should have been as follows:

| Date | Amount | Interest | Principal | Balance |
|---|---|---|---|---|
| 12/ 6/67 | $ | $ | $ | $22,000.00 |
| 12/10/67 | 500.00 | 14.67 (4 da) | 485.33 | 21,514.67 |
| 2/10/68 | 500.00 | 215.14 (2 mo) | 284.86 | 21,229.81 |

* This figure should be, even under the method used by the court below, the sum of $3912.87, i. e. 15% of $26,085.82.

| Date | Amount | Interest | Principal | Balance |
|---|---|---|---|---|
| 3/10/68 | 500.00 | 106.14 (1 mo) | 393.86 | 20,835.95 |
| 4/10/68 | 1000.00 | 104.18 (1 mo) | 895.82 | 19,940.13 |
| 8/10/68 | 500.00 | 398.80 (4 mo) | 101.20 | 19,838.93 |
| 10/10/68 | 500.00 | 198.36 (2 mo) | 301.64 | 19,537.29 |
| 11/10/68 | 500.00 <u>339.29</u> 839.29 | 97.68 (1 mo) | 741.61 | 18,795.68 |
| 2/20/69 | 312.16 | 313.23 (3 mo, 10 da) ( −$1.07 ) | ----- | 18,795.68 |
| | | $ 1.07 | | |
| 2/20/69–2/20/70 (1 yr) | | 1127.74 | ----- | 18,795.68 |
| 2/20/70–2/20/71 (1 yr) | | 1127.74 | ------ | 18,795.68 |
| 2/20/71–2/20/72 (1 yr) | | 1127.74 | ------ | 18,795.68 |
| 2/20/72–2/20/73 (1 yr) | | 1127.74 | ------ | 18,795.68 |
| 2/20/73–2/20/74 (1 yr) | | 1127.74 | ------ | 18,795.68 |
| 2/20/74–12/19/74 (9 mo 29 da) | | 936.62 | ------ | 18,795.68 |
| | Interest | $6576.39 | Principal | $18,795.68 |

Accordingly, the judgment herein is reversed and the cause remanded to the trial court with directions to enter judgment in favor of the plaintiff-respondent, James L. Sloan, and against the defendant-appellant, Joan Paris, in the sum of $18,795.68 as principal, plus interest of $6576.39, plus attorney's fees of $3808.81, or a total of $29,177.88, plus the costs of this action. Such judgment is to be entered as of December 19, 1974, the date of the original judgment herein. Rule 84.14.

All concur.