ST. LOUIS UNION TRUST COMPANY, a corporation, and Nadia Cunningham, Executors of the Estate of Victor E. Cunningham, Deceased, Appellants,

v.

WARNICK MOTOR COMPANY, a corporation, et al., Respondents.

No. 55612.

Supreme Court of Missouri, Division No. 2.

Feb. 12, 1973.

4. Found not as the result of a search, but in plain view on the front seat of the Ford.

Carstarphen, Harvey & Wasinger, Ely & Cary, Hannibal, for appellants.

William E. Partee, Hannibal, for respondents.

DONNELLY, Judge.

Guy E. Warnick and L. W. Noel were partners in a motor vehicle agency in Hannibal until February 26, 1947, when Noel sold his one-half interest to Warnick for $20,000. On February 20, 1947, Warnick and Victor E. Cunningham had agreed to form a partnership and to operate the agency. A portion of their written agreement is as follows:

"It is further agreed that the party of the second part [Cunningham] shall pay to the party of the first part [Warnick] the sum of Twenty Thousand Dollars ($20,000.00) for a one-half interest in the business and a one-half interest in real estate, which shall be secured by the one-half interest of party of the second part in the real estate and building, subject to the first mortgage thereon however, and also secured by the one-half interest of party of the second part in the partnership property.

"The said obligation of $20,000.00 shall be evidenced by four promissory notes of $5,000.00 each, party of the second part shall have the privilege of making additional payments prior to the time said notes are due."

The four notes of $5,000 each were all dated February 24, 1947, and were due, respectively, one, two, three and four years after date, with interest at 4% per annum to be compounded annually if unpaid and added to principal.

On June 17, 1947, the Warnick Motor Company was incorporated and 298 shares were issued to Guy E. Warnick, 1 share was issued to Corinne Warnick, and 1 share was issued to Earl Horstmeyer.

The Warnick Motor Company first paid dividends in 1958. On all dividend payments received by Guy E. Warnick, he paid one-half of the dividends to Cunningham.

It is conceded by the parties that 149 of the 298 shares held of record by Warnick

represented Cunningham's interest in the corporation for which Cunningham had agreed to pay Warnick $20,000.

Victor E. Cunningham died on January 15, 1968. On August 20, 1968, plaintiffs made demand on defendants to deliver 149 shares of stock in Warnick Motor Company to their attorneys "by or during the day of August 26, 1968." The demand was refused and plaintiffs filed suit January 16, 1969.

The trial court ruled, in part, as follows: "The capital contribution of V. E. Cunningham as provided by the partnership agreement and evidenced by the four $5,000.00 notes, with compound interest at 4%, has never been paid to Guy E. Warnick, and the indebtedness on said notes and interest now on this Seventh day of February, 1970, is $49,252.14. The estate of Victor E. Cunningham and plaintiffs are entitled to a credit of $5,143.05, which was charged to the distributive interest of V. E. Cunningham, when in fact said amount was paid to Citizens Discount and Investment Corporation in payment of *Guy E. Warnick's personal loan* with Citizens Discount and Investment Corporation. There is, therefore, a net indebtedness on the four $5,000.00 notes, representing the capital contribution of V. E. Cunningham, of $44,109.09. The $5,143.05, while not a payment on the notes, should in fairness and equity be considered a payment on the capital contribution of V. E. Cunningham, and the estate of Victor E. Cunningham and plaintiffs given credit for said amount. The $44,109.09 is adjudged and declared a lien upon the equitable and beneficial interest of decedent, V. E. Cunningham, in said 149 shares of stock of the Warnick Motor Company. Guy E. Warnick holds said 149 shares as security for his lien upon the equitable interest of plaintiffs in said shares.

"Upon the payment of the debt of $44,109.09, the defendant, Guy E. Warnick, will assign and cause said 149 shares to be transferred on the records of the Warnick Motor Company to the plaintiffs.

"Plaintiffs shall pay the above stated amount to defendant, Guy E. Warnick, within ninety (90) days of the entry of this decree if they desire to obtain ownership of the 149 shares of Warnick Motor Company now in the legal and record ownership of Guy E. Warnick. The failure to pay $44,109.09 to defendant, Guy E. Warnick, within ninety days from February 7, 1970, the date of this decree, is declared a repudiation and forfeiture by plaintiffs of their right to so acquire the 149 shares of stock in the Warnick Motor Company, and plaintiffs' right to acquire said stock would, upon such failure, be forever foreclosed, and in such event the 149 shares would be owned by defendant, Guy E. Warnick, free of any right of the Estate of Victor E. Cunningham or plaintiffs to acquire said shares of stock in the Warnick Motor Company."

We have reviewed the matter and have reached the following conclusions:

■ (1) The four $5,000 notes were due respectively February 24, 1947, 1948, 1949 and 1950, and claims thereon are barred by V.A.M.S. § 516.110;

(2) Plaintiffs should receive 149 shares of stock in Warnick Motor Company;

■ (3) However, the nature of plaintiffs' petition for relief is such that we must first inquire what plaintiffs must do in order to entitle them to the relief they seek (Whelan v. Reilly, 61 Mo. 565, 569, 570);

■ (4) We agree with the trial court that V. E. Cunningham did not pay his $20,000 capital contribution to Guy E. Warnick; but that a credit of $5,143.05 accrued on November 29, 1958, leaving a balance due thereafter of $14,856.95.

Therefore, the judgment is reversed and the cause remanded with directions that the trial court enter a decree ordering: (1) the transfer of 149 shares of Warnick Motor Company stock from Guy E. Warnick to plaintiffs upon payment, within a

period designated by the trial court, of the sum of $14,856.95, plus interest thereon at six percent per annum (V.A.M.S. § 408.-020) from August 26, 1968 (the date plaintiffs demanded said stock be transferred to them) to date of payment; (2) that plaintiffs be forever foreclosed upon failure to perform within said designated period; and (3) that costs in the trial court and on appeal be taxed against plaintiffs.

All of the Judges concur.