Ben FIXMAN, Plaintiff,

v.

Sol SCHULTZ, Defendant.

No. 79–454C(A).

United States District Court,
E. D. Missouri, E. D.

May 6, 1980.

J. Richard McEachern, Guilfoil, Symington, Petzall & Shoemake, St. Louis, Mo., for plaintiff.

Thomas E. Manns, Green & Lander, Clayton, Mo., for defendant.

## MEMORANDUM OPINION

HARPER, District Judge.

This is an action to enforce the payment of a promissory note signed by defendant payable to plaintiff. The plaintiff is a citizen of the State of Missouri and the defendant is a citizen of the State of California. This Court has jurisdiction under 28 U.S.C. § 1332 since there is diversity of citizenship and more than $10,000.00 is involved.

The matter was tried to the Court. The credible testimony and exhibits disclosed that on November 21, 1967, A. Y. Schultz executed a promissory note for $40,000.00 (hereinafter referred to as $40,000 Note) to plaintiff, Ben Fixman, and one Jack Schultz. On August 12, 1969, plaintiff sold his one-half interest in the $40,000 Note to defendant, Sol Schultz. The closing statement on that transaction, which the defendant admits signing, indicates that defendant paid plaintiff $25.00 on August 12, 1969, and that the balance due of $20,000.00 was evidenced by a promissory note (hereinafter referred to as Note) payable one year later with interest at the rate of six percent per annum.

Plaintiff and defendant also entered into a second transaction on August 12, 1969, in which plaintiff sold ten shares of stock of the Schultz Company to defendant for $50,-000.00. The closing statement for this transaction indicated that that amount was paid by cashier's check. The defendant admits that he signed the $20,000 Note in question and the closing statement in connection with that transaction.

Plaintiff and defendant have been business associates for approximately forty years and in connection with their joint activities they have had disputes both related and unrelated to the Note. On more than one occasion defendant sued plaintiff on disputes unrelated to the Note, and plaintiff in turn sued defendant on the Note. The evidence discloses that plaintiff and defendant usually dropped their respective suits before they went to trial proceedings.

On January 1, 1978, defendant paid $5,000.00 on the Note. This action is to enforce the payment of the balance due on the Note and the interest thereon.

The original note could not be found by the plaintiff, having turned it over to attorneys some years before with respect to a suit on the note, but a photostatic copy of the note was offered and admitted in evidence. Pursuant to testimony with respect to the inability to locate the note the Court permitted the introduction of the photo-static copy under Federal Rules of Evidence 1003 and 1004(1).

■ The defendant does not dispute that he signed the Note nor does he contend that any payment other than $5,000.00 has been made on the Note. Among the defenses raised by the defendant is the statute of limitations. The defendant's answer contends that the Note is barred by Section 516.120(1), Mo.Rev.Stats. The statute to which the defendant refers is not the applicable one with respect to notes, the applicable statute being Section 516.110(1), which is a ten-year statute. *St. Louis Union Trust Co. v. Warnick Motor Company*, Mo., 491 S.W.2d 331. The suit was brought within the ten-year period of the date of the Note and it is not barred by limitations.

At the trial the defendant raised two defenses to this action: (1) Lack of consideration, and (2) that plaintiff had canceled or renounced the debt sued upon.

■ The courts have held that plaintiff is required to go no further to establish presumption of consideration and value once the note identified by him as having been executed by defendant was admitted in evidence. *Sloan v. Paris*, Mo.App., 541 S.W.2d 316. In addition to the photostatic copy of the Note itself, the credible evidence established, as shown by the closing statement when the Note was executed, that there was consideration for the Note.

■ Regarding the second defense raised by defendant, that the Note had been canceled or renounced, there was testimony by the defendant as to oral conversations between the parties about it being forgiven. The credible evidence, however, does not support defendant's contention that the note had been canceled or renounced. Further, even if the testimony with respect to the cancellation and forgiveness of the note occurred, it is based on oral statements and these do not establish a legal effective cancellation under Missouri law.

In *Burns v. Beeny*, Mo.App., 427 S.W.2d 772, 774–75, the Court said:

"The methods by which a negotiable instrument may be discharged are set forth in Sections 401.122 and 401.119, RSMo 1959, V.A.M.S. Under Section 401.122 the holder of such an instrument may renounce his rights, but such a renunciation must be in writing unless the instrument is delivered up to the person primarily liable thereon. In the present case there is no evidence of any renunciation in writing and obviously there was no delivery of the instrument to the defendant.

" * * *.

"Under the terms of the negotiable instruments law it is clear that the defendant was not discharged from his responsibility upon the note by the conversation had with plaintiff."

There is no testimony by the defendant that the Note was marked paid or delivered to defendant.

Accordingly, the Court finds that the defendant is legally indebted to the plaintiff in the amount of $15,000.00 plus $12,159.25 interest as of this date, a total of $27,159.25, with interest from the date of judgment at six percent per annum.

The Court adopts this memorandum opinion as its findings of fact and conclusions of law and the clerk of the Court is directed to prepare and enter the proper judgment to that effect.